294 So.2d 196 (1974)
STATE of Louisiana
v.
John Ervin KIBBY.
No. 54191.
Supreme Court of Louisiana.
April 29, 1974.
C. Jerome D'Aquila, New Roads, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Samuel C. Cashio, Dist. Atty., Charles H. Dameron, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant, John Ervin Kibby, was charged in a bill of information with knowingly and intentionally distributing a controlled dangerous substance, to-wit, marijuana, in violation of R.S. 40:971 (A)(1) on June 1, 1972. After trial by jury, he was convicted and sentenced to serve six years with the Department of Corrections.
Defendant reserved eight bills of exceptions during the trial of this matter; however, only three of these bills, Nos. 1, 5 and 8, were briefed in this Court. Therefore, since the remaining bills were neither briefed nor argued, they are considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bills of Exceptions Nos. 1 and 5 relate to evidence of another crime brought out during the prosecutor's opening statement and on direct examination of a state witness.
When the State, in the opening statement, referred to a meeting of an undercover agent, Officer Spillers, a person named Dunbar, and the accused on May *197 30, 1972, two days prior to the offense here charged and for which the accused was being tried, a motion for a mistrial was made. The motion was denied, and Bill of Exceptions No. 1 was reserved. Later, at trial, when the undercover agent, Spillers, was testifying with regard to the May 30 transaction, objection was made and overruled. Bill of Exceptions No. 5 was then reserved.
According to the record, some of the officials and management of Kean's Laundry in the Parish of West Baton Rouge became suspicious that one of the employees, Harrel Lee Dunbar, was the source of some marijuana that was being distributed among the employees. The aid of the Baton Rouge Police Department was enlisted in order to uncover the source. As a result, Officer Spillers of the Intelligence Division of the Baton Rouge Police Department was employed at Kean's Laundry. While there, he came in contact with Harrel Lee Dunbar and sought to obtain marijuana from him. On May 30, two days before the incident for which the accused John Ervin Kibby is now charged, Officer Spillers and Dunbar went to Michigan Avenue in the City of Port Allen, Parish of West Baton Rouge, where they met a man referred to as "Buck." On this occasion, at least one lid of marijuana was transmitted by "Buck" through Dunbar to Spillers. Thereafter, on June 1, Spillers and Dunbar again met with "Buck" on Michigan Avenue when "Buck" delivered and sold two lids of marijuana, one to Dunbar and one to Officer Spillers for $12.00 for each lid. "Buck" was later identified by Officer Spillers as the accused, John Ervin Kibby.
Defendant argued that, under the facts presented in this case by the State, it is clear that defendant knew he was selling marijuana and intended what he was doing. Therefore, it is contended that, since there was no question of defendant's act being unintentional or without guilty knowledge, evidence of the other transaction relating to defendant's distribution of marijuana should not have been admitted to show knowledge or intent. It is submitted that the admission of the evidence was reversible error and the trial judge erred in not granting defendant's motion for a mistrial.
The State argues that the reference to the other offense was admissible to show system, knowledge and intent under R.S. 15:445 and 446. Further, since defendant sought to prove mistaken identity by hearsay testimony, it was necessary for the State to present evidence of the other transaction for the purpose of showing that the undercover agent had a prior opportunity to observe the accused and, thus, be positive about his identity.
Defendant herein is charged with knowingly and intentionally distributing marijuana on June 1, 1972. It is well settled that guilty knowledge is an essential ingredient of the crime of selling illegal drugs. State v. Kreller, 255 La. 982, 233 So.2d 906 (1970); State v. Skinner, 251 La. 300, 204 So.2d 370 (1967), on rehearing. See State v. Smith, 257 La. 896, 244 So.2d 824 (1971). Since guilty knowledge is an essential element, the State is entitled to prove such intentional distribution of marijuana by evidence of similar acts independent of the act charged. R.S. 15:445 and 446. Thus, proof of the meeting of the accused with Dunbar and the undercover agent on May 30, 1972 under almost identical circumstances, and the sale of marijuana on that date by the accused to said agent was clearly admissible in this prosecution for distribution of marijuana on June 1, 1972.
Additionally, evidence of the meeting on May 30 was clearly admissible for the purpose of showing the opportunity of the agent to correctly identify the accused. Identification of the accused was at issue. Hence, the State could properly introduce the evidence of the May 30 meeting and sale, not only for the purpose of proving guilty knowledge and intent, but also in support of identification. Furthermore, the probative value outweighs any prejudicial effects.
*198 Bills of Exceptions Nos. 1 and 5 lack merit.
A motion in arrest of judgment was filed averring that the tribunal that tried the case did not conform with the requirements of Section 41 of Article VII of the Louisiana Constitution. This is one of the grounds listed for arrest of judgment under Article 859, C.Cr.P. The motion raises the question of the legality of the action of the trial judge in allowing women jurors to serve on the petit jury venire.
The stipulation entered into recites that the women jurors in question neither filed a written declaration with the clerk of the district court stating their desire to be subject to jury service nor did they object when they were questioned, selected and empanelled to serve on the jury.
The contention of defendant is that the tribunal that tried the case did not conform with the constitutional mandate of Article VII, Section 41 of the Louisiana Constitution. He asserts that in the instant case the inclusion of women on the general and petit jury venires, who have not previously filed a written declaration with the clerk of their desire to serve as jurors, was done in contravention of the Constitution, and, therefore, the trial judge erred in not sustaining his motion in arrest of judgment.
Defendant's argument is without substance.
Article VII, Section 41 of the Louisiana Constitution states:
"The Legislature shall provide for the election and drawing of competent and intelligent jurors for the trial of civil and criminal cases; provided, however, that no woman shall be drawn for jury service unless she shall have previously filed with the clerk of the District Court a written declaration of her desire to be subject to such service. All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury. Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom must concur to render a verdict; cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict."
Article 402 C.Cr.P. embodies the identical provision regarding the exemption of women from jury service.
Article 859 of the Code of Criminal Procedure, adopted by Act 310 of 1966, has for one of its sources R.S. 15:517 which then provided: "A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record." The Official Revision Comment indicates that this created a source of considerable uncertainty, and its meaning was obtainable only by careful study of the jurisprudence. Therefore, the new article minimizes this difficulty by specifically listing the grounds for the motion in arrest. The Comment further indicates that the controlling consideration, in determining which defenses may be asserted by a motion in arrest, was whether the defect was so basic that it should not be cured by verdict.
Article 859 C.Cr.P. in its present form provides:
"The court shall arrest the judgment only on one or more of the following grounds:
"(1) The indictment is substantially defective, in that an essential averment is omitted;
"(2) The offense charged is not punishable under a valid statute;
"(3) The court is without jurisdiction of the case;
"(4) The tribunal that tried the case did not conform with the requirements of Section 41 of Article VII of the Louisiana Constitution;

*199 "(5) The verdict is not responsive to the indictment, or is otherwise so defective that it will not form the basis of a valid judgment;
"(6) Double jeopardy, if not previously urged; or
"(7) The prosecution was not timely instituted, if not previously urged.
"(8) The prosecution was for a capital offense, but was not instituted by a grand jury indictment.
"Improper venue may not be urged by a motion in arrest of judgment."
Thus, it can readily be seen that the grounds for arrest of judgment lie only for substantial defects generally patent upon the face of the record. Ground (4), upon which defendant relies, obviously refers only to that portion of Section 41 of Article VII which deals with the type of tribunal (judge or jury) which must try misdemeanors, felonies and capital cases; and where juries are required, the size and number of jurors that must concur for a verdict. Ground (4) does not apply to that part of Section 41 of Article VII that deals with the method of drawing women for jury service. This conclusion is supported by the Official Revision Comment to Ground (4):
"Ground (4) covers violations of the specific mandate of Const. Art. VII, § 41 as to the types of tribunals that must try capital cases, major felony cases, relative felonies, and misdemeanors, respectively. The trial of a case by an improper tribunal is a substantial defect and is also a matter of record. State v. Vinzant, 200 La. 301, 7 So.2d 917 (1942), held that manslaughter, a twelve-man jury crime, was improperly tried by a five-man jury."
Furthermore, Article 419 C.Cr.P. (formerly R.S. 15:203) provides:
"A general venire, grand jury venire, or petit jury venire shall not be set aside for any reason unless fraud has been practiced or some great wrong committed that would work irreparable injury to the defendant.
"This article does not affect the right to challenge for cause, a juror who is not qualified to serve."
The correct procedural vehicle for asserting a complaint that the general or petit jury venire was improperly drawn, selected or constituted is a motion to quash. A motion to quash on this ground must be filed at least three judicial days prior to trial and may be filed with permission of the court at any time before commencement of trial; otherwise, it is waived. Article 535 C.Cr.P.
Article 535 C.Cr.P., in pertinent part, provides:

* * * * * *
"B. A motion to quash shall be filed at least three judicial days before commencement of trial, and may be filed with permission of the court at any time before commencement of trial, when based on any of the following grounds:

* * * * * *
"(2) The general venire or the petit jury venire was improperly drawn, selected, or constituted; or

* * * * * *
"D. The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions."
The Official Revision Comment under subsection B(2) of Article 535 C.Cr.P. states:
"(2) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
"This objection is waived unless it is urged before trial by a motion to quash the venire. It is not listed as a ground for the motion in arrest of judgment; nor is it, under ordinary circumstances, a proper ground for habeas corpus."
*200 In State v. Reese, 250 La. 151, 194 So.2d 729 (1967), cert. denied, 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495, a similar question was raised in a motion in arrest of judgment. It was there contended that the accused (a woman found guilty of manslaughter for the death of a woman resulting from an abortion) was denied constitutionally guaranteed equal protection and due process of law because there were no women on the jury trying her, on the general venire, and that no women had been on any jury panel in East Baton Rouge Parish for some thirty years. This Court disposed of the contention as follows:
"Not only must the error forming the basis for a motion in arrest of judgment be a substantial one patent on the face of the record, which is not true in the instant case, [footnote omitted] but the Code of Criminal Procedure specifically stipulates failure to object to the manner of selecting or drawing a jury, or to any defect or irregularity that could be pleaded against any array or jury venire, must be urged before entering upon the trial of the case; otherwise, such objection will be considered as waived (R.S. 15:202), unless some fraud has been practiced or wrong committed that would work irreparable injury to the accused (R.S. 15:203), which has not been charged here. The reason for this rule is obvious. One cannot sit idly by and take his chance of acquittal, and, for the first time after conviction, urge objections to the jury's composition or irregularities connected therewith."
No motion to quash was filed in the instant case. Therefore, the alleged error was waived. Under the holding in State v. Reese, supra, and the codal articles, the trial judge properly denied the motion in arrest of judgment.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.
DIXON, J., dissents.