MARCUS, Justice.
Defendant, Donald Ray Hollis, was charged under a bill of information with violation of La.R.S. 14:25 (accessory after the fact). He was tried, convicted as charged by a jury and sentenced to serve five years in the custody of the Department of Corrections. On appeal, defendant relies upon one perfected bill of excep *269 tions to obtain reversal of his conviction and sentence.
This bill was reserved to the overruling by the trial judge of defense counsel’s motion in arrest of judgment. The motion was based on the ground that the petit jury venire was improperly constituted in that women were permitted to serve thereon who had not previously filed with the clerk of court a written declaration of their desire to be subject to jury service in conformity with La.Const. art. 7, § 41 (1921) and La. Code Crim.P. art. 402 (1966).
Recently, in State v. Kibby, 294 So.2d 196 (La.1974), we held that the correct procedural vehicle for asserting an identical complaint is a motion to quash. A complete discussion of the appropriate codal articles and jurisprudence is contained in the Kibby opinion. It would serve no useful purpose to reiterate it here. Failure to object to the drawing, selection or composition of the grand or petit jury venire by way of a motion to quash waives the complaint. It cannot be raised for the first time in a motion in arrest of judgment.
Hence, the trial judge properly denied the motion in arrest of judgment.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
DIXON, J., dissents.