CALOGERO, Justice.
The defendant was convicted of distribution of heroin in violation of La.R.S. 40:966 and was sentenced to life imprisonment at hard labor in the custody of the Director of the Department of Corrections.
Two bills of exceptions were reserved during trial and were thereafter perfected. On appeal to this Court, the defendant has submitted the case without oral argument, and on a brief which does not argue the merit of the perfected bills or cite any authorities whatever.
Under these circumstances, the defendant has abandoned the perfected bills of exceptions. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
We have nonetheless reviewed the two bills and find them to be without merit.
Bill No. 1 was reserved when the trial judge allowed Officer Curry, a State witness, to describe to the jury a conversation which took place at the time of the heroin sale to Curry on July 23, 1973 between the accused and a third person, an unidentified informant referred to by the Officer as “the cooperating individual,” who was also present at the sale. The basis of the objection was that this was hearsay evidence. The trial court relative to this bill wrote a very thorough per cur-iam with which we agree, in which he pointed out that the pertinent conversation formed part of the res gestae (see R.S. 15:447-15:448) and evidenced defendant’s specific intent and knowing conduct at the time of the commission of the offense.
Bill No. 2 was taken at the time two manila envelopes, a glassine envelope containing heroin, and receipts from the United States Post Office were introduced into evidence by the State over objection by the defense that “there is no actual proof that the evidence was not tampered with, removed, changed from the date of July 23, 1973 until February 14, 1974.”
The trial judge properly disposed of the objection when he related in his per cur-iam to this bill the following:
“It is the opinion of this court that the State had fully laid the proper predicate for the introduction of this evidence, including the entire chain' of evidence from the time the substance was seized by the federal narcotic agent until it was returned into open Court and presented into evidence. Whether or not this was the same substance seized from the defendant and whether or not the substance had been tampered with were *134 matters for the jury to determine from the testimony of the witnesses.”
Additionally, we have reviewed the record and have found no errors discoverable by a mere inspection of the pleadings and proceedings. Art. 920, C.Cr.P.
The defendant’s conviction and sentence are therefore affirmed.