CALOGERO, Justice.
The defendant, James Milton, was charged by bill of information with knowingly and intentionally distributing marijuana, in violation of La.R.S. 40:966(A). Defendant was found guilty after trial by jury and was sentenced to serve 6 years in the custody of the Louisiana Department of Corrections. He appeals, relying on one assignment of error in urging reversal of his conviction.
Prior to his trial on October 2, 1974, defendant filed a Motion to Quash the Bill of Information on the ground that the petit jury venire was improperly drawn, selected or constituted in that women who had not previously filed a written declaration with the Clerk of Court of West Baton Rouge Parish were drawn and placed on the petit jury venire, contrary to the provisions of Art. 7, § 41 of the Louisiana Constitution of 1921[1] and Article 402 of the Louisiana Code of Criminal Procedure.[2] The Motion to Quash was denied by the trial court on September 23, 1974 after a brief hearing.[3]
In his per curiam to defendant’s assignment of error, the trial judge explained the denial of the motion as follows: “This grave injustice (lack of women on the jury) has prevailed in Louisiana for too many years. It violates the federal Constitution. There is nothing either [the federal or state] Constitution which proscribes against women serving on the jury if they *526 appear for service. Inclusion of women on the jury does not violate any law . it is not illegal to include women where no objection is voiced by the female juror.”
While we need not affirm the specific reasons assigned by the trial judge, it is apparent that he did not commit error in denying defendant’s motion to quash.
The United States Supreme Court, in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), held that the Louisiana procedure excluding women from jury service unless they specifically volunteered deprived a criminal defendant of his Sixth Amendment right to trial by an impartial jury drawn from a fair cross section of the community. In retrospect, the Taylor decision justifies the trial court’s ruling, a ruling recognizing that the Louisiana constitutional and statutory provisions violated the federal Constitution.
It is true that in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), the United States Supreme Court held that Taylor, as a matter of federal law, need not be applied retroactively,[4] nor indeed even to defendants whose appeals, alleging the same constitutional infirmity in the jury venire that Taylor did, were not yet final (i. e., those cases in the appellate “pipeline”).[5] The decision in Daniel, based as it was on the recognition that a retroactive application of Taylor “would do little, if anything, to vindicate the Sixth Amendment interest at stake and would have a substantial impact on the administration of criminal justice in Louisiana,” does not constitute an assertion that Article 7, § 41 of the Louisiana Constitution of 1921 was valid in September 1974 when defendant challenged the petit jury venire by filing the motion to quash. To the contrary, the import of the Taylor and Daniel decisions is that the Louisiana procedure, granting women an automatic exemption from jury service, violated the Sixth Amendment to the United States Constitution.[6]
Consequently, we find no merit in defendant’s contention that the trial judge erred in permitting inclusion of non-volunteering women under the then prevalent, but since invalidated, Louisiana constitutional and statutory scheme.
For the foregoing reasons defendant’s conviction and sentence are affirmed.
SUMMERS, J., dissents and assigns reasons.
BARHAM, J., dissents and assigns reasons.

. Art. 7, § 41. Selection of jurors; women jurors; trial by judge; trial by jury
Section 41. The Legislature shall provide for the election and drawing of competent and intelligent jurors for the trial of civil and criminal cases; provided, however, that no woman shall be drawn for jury service unless she shall have previously filed with the clerk of the District Court a written declaration of her desire to be subject to such service. All cases in which the punishment may not be at hard labor shall, until otherwise provided by law, be tried by the judge without a jury. Cases, in which the punishment may be at hard labor, shall be tried by a jury of five, all of whom must concur to render a verdict; cases, in which the punishment is necessarily at hard labor, by a jury of twelve, nine of whom must concur to render a verdict; cases in which the punishment may be capital, by a jury of twelve, all of whom must concur to render a verdict.

. Art. 402. Service of women as jurors
A woman shall not be selected for jury service unless she has previously filed with the clerk of court of the parish in which she resides a written declaration of her desire to be subject to jury service.

. We have twice previously been presented this identical issue on appeals from convictions obtained in the Eighteenth Judicial District, a district which apparently began including women on the petit jury venire prior to the decision of the United States Supreme Court in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). We affirmed the convictions in those cases, both of which preceded Taylor v. Louisiana, holding that the defendants had waived their objections to the composition of the jury venires by failing to file a motion to quash. State v. Hollis, 302 So.2d 268 (La.1974) ; State v. Kibby, 294 So.2d 196 (La.1974).

. We have held similarly that Taylor will not be applied retroactively as a matter of state law. State v. Rester, No. 55,361, decided February 24, 1975.

. That it can be argued that the Supreme Court’s decision in Darnel is not entirely logical, particularly as it denies retroactive application of Taylor to Daniel and other defendants whose appeals were pending (see the dissent of Mr. Justice Douglas), does not lend any merit to defendant’s position here.

.The invalidated constitutional provision, Art. 7, § 41, was operative until January 1, 1975, when the Louisiana Constitution of 1974 became effective. The new Constitution does not contain a provision granting women exemption from jury service unless they volunteer, and Article 402, C.Cr.P., was accordingly repealed by Act 20 of 1974 (Ex. Sess.).