BARHAM, Justice
(dissenting).
In cases too numerous to cite, this Court has repeatedly held that the constitutional provision of Article VII, § 41 (La.Const. of 1921) and La.C.Cr.P. art. 402 prohibit women from serving on a jury unless they volunteer. Not only have the cases made this judicial pronouncement, they have repeatedly announced that our constitutional and codal provisions are constitutional. For years I have urged this Court to declare the Louisiana constitutional provision and Article 402 unconstitutional under the Fourteenth and Sixth Amendments to the United States Constitution. The majority refused to follow this suggestion.
*527 I was aware that some of the judges at the trial level, apprehensive that the United States Supreme Court would rule as it did in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), and apprehensive that the ruling might be retroactive, had already effectively declared our exclusionary rule on women unconstitutional by requiring jury commissioners to include females on the jury venires. In the first case we reviewed where females had been included in the jury venires, State v. Kibby, 294 So.2d 196 (La.1974), the majority was able to dodge the issue under a finding that a timely motion to quash had not been filed. In State v. Hollis, 302 So.2d 268 (La.1974), the issue again was avoided by the majority’s finding that an objection to the composition of a jury panel cannot be raised by a motion in arrest of judgment. In that case I dissented, setting forth reasons why I believed the defendant could complain of the service of females on the jury, a violation of Louisiana Constitution Art. 7, § 41 and La.C.Cr.P. art. 402. One of the grounds specifically listed for a motion in arrest of judgment in Article 859 is in Paragraph 4:
“The tribunal that tried the case did not conform with the requirements of Section 41 of Article VII of the Louisiana Constitution; * *
I noted in my dissent in Hollis that previous holdings by a majority of this Court required that females be excluded from the jury as provided in that constitutional provision; therefore, in my opinion, the majority was forced to declare the tribunal which tried that defendant to be constitutionally infirm in violation of the Louisiana Constitution. Kibby, Hollis, and the instant case were tried before Taylor v. Louisiana, and before Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), which made the Taylor ruling prospective only. The majority now decides that although the ruling in Taylor had no effect upon our constitutional provision as it existed when the case we consider was tried, the defendant is not entitled to the constitutional protection which the United States Supreme Court particularly preserved by its prospective ruling. A majority of this Court had held that if a male defendant was not permitted to have females on his jury, he could not complain, and moreover, even a female defendant could nqt complain. The majority now holds that a defendant is forced to accept females on a jury in violation of a Louisiana constitutional provision which, though now declared unconstitutional for prospective purposes only, has effectively been sanctioned as- constitutional at the time of the trial of this defendant. The inconsistency and irreconcilability of these views is readily apparent.
I respectfully dissent.