BARHAM, Justice.
During 1973, the defendant was convicted after a jury trial of the theft of property of a value of more than $500.00, a violation of La.R.S. 14:67, and was sentenced to five years’ imprisonment. He appeals, relying on one of the two bills of exceptions he perfected for a reversal of his conviction and sentence. We consider the other bill abandoned, since it was neither briefed nor argued. See, e. g., State v. Henry, 309 So.2d 132 (La.1975).
Defendant reserved the bill of exceptions we consider when the trial court denied his motion to quash the bill of information, the basis of which was the defendant’s contention that the petit jury ve-nire was selected in contravention of Article VII, § 41 of the Louisiana Constitution of 1921, in effect at the time of his trial. Simply stated, defendant’s position is that the deliberate inclusion on his petit jury venire of women who had not filed a written declaration with the clerk of court evidencing their desire to be subject to jury service rendered the selection and composition of his petit jury venire unconstitutional. It was stipulated at the hearing on the motion to quash that women who had not filed the requisite declaration were included in the petit jury venire.
The issue raised by this defendant has earlier been decided by this Court. In State v. Milton, 310 So.2d 524 (La.1975), a majority of this Court determined that the trial court did not err in denying the defendant’s motion to quash the bill of information, which alleged that the petit jury venire was improperly drawn, selected or constituted for the reasons identical to those advanced in the case we now consider. That decision was reaffirmed by the Court in State v. Nicholas, 312 So.2d 856 (No. 55,742, decided April 24, 1975). We noted in Nicholas those portions of the Milton case wherein the Court found that the United States Supreme Court’s decision in Taylor v. Louisiana[1] justified in retrospect the trial court’s denial of the motion to quash based on its view that our constitutional and statutory provisions contravened the United States Constitution. Moreover, we recognized in Nicholas our determination in Milton that the United States Supreme Court’s decision in Daniel v. Louisiana,[2] holding Taylor to be prospective only, “ * * * does not constitute an assertion that Article 7, § 41 of the Louisiana Constitution of 1921 was valid * * * ” at the time that the defendant in that case challenged the petit jury venire. State v. Milton, supra, at 526.
The holdings and the rationale of the Milton and Nicholas decisions dictate our determination that this bill of exceptions complaining of the trial court’s denial of the motion to quash the bill of information lacks merit.[3]
■ For the reasons stated, the defendant’s conviction and sentence are affirmed.

. 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).

. 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).

. Initially, the writer dissented from the Court’s determination that a claim of the same character as that which we consider here is unavailing. See State v. Milton, 310 So.2d 524 (La.1975) (dissenting opinion). However, due to the limited applicability of the rule of law set forth in Milton to eases tried before the effective date of the Louisiana Constitution of 1974, the writer determined to acquiesce in the Milton holding. See State v. Nicholas, 312 So.2d 856 (No. 55,742, decided April 24, 1975), wherein I concurred.