319 So.2d 392 (1975)
STATE of Louisiana, Appellee,
v.
Eddie BURKHALTER, Appellant.
No. 56099.
Supreme Court of Louisiana.
September 5, 1975.
Rehearing Denied September 30, 1975.
*393 Robert A. Connell, Jackson, Stanley E. Branton, St. Francisville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon A. Picou, Jr., Dist. Atty., Cynthia P. Branton, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant, an inmate at the state penitentiary, is convicted of murdering McAllister, another inmate, on November 11, 1972. La.R.S. 14:30 (1950). He was sentenced to life imprisonment.
On his appeal, he urgues four principal errors. Although close issues are presented by two of them, we find no clearly erroneous abuse of the trial court's discretion and no other reversible error. We therefore affirm.

I
The most serious issue arises from the trial court's failure to allow evidence of a heated argument between the accused Burkhalter and the victim McAllister some five to ten minutes before the killing. The trial court held that evidence of prior threats could not be admitted because no overt act had been proved, as required by La.R.S. 15:482 (1952).
This enactment provides: "In the absence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against the accused is not admissible."
The context facts are:
Shortly before the killing, McAllister wearing only shorts had gone into a closet washroom. He had a plastic bucket and some dirty clothes, which were found half washed after the killing. He had in fact nothing even resembling a weapon with him.
A guard heard a yell. He saw Burkhalter backing out of the washroom. McAllister was holding Burkhalter's left hand, which held a long dagger made of twisted wire. McAllister had been stabbed. After a short struggle, McAllister fell to the floor, dead (stabbed through the heart).
The defendant then called as his witness another inmate present at the time. Because no overt act had been proved, the trial court sustained the State's objection to testimony of the violent argument five to ten minutes earlier, apparently to show that McAllister had then threatened Burkhalter. On this objection, the defense withdrew the question.
On resumed defense questioning of the inmate, this witness then stated that, seconds before the yell, McAllister had come out of the washroom as Burkhalter was walking in the hall. The inmate testified that McAllister held the wash bucket tilted, his hand inside it. Burkhalter then walked to McAllister and grabbed him, and the tussle started which resulted in McAllister's death.
The defense then once more commenced to introduce evidence of the prior threats by McAllister and of McAllister's violent character.
The trial court held that, under all the circumstances, McAllister's coming out of *394 the closet with his hand in the bucket did not constitute an overt act or hostile demonstration. It therefore refused to permit introduction of evidence of the prior threats and of the prior argument just five-ten minutes previous.
We agree with counsel for the defendant that the issue is not whether, in fact, McAllister had a weapon in the bucket but, rather, in the light of threats just previously made by McAllister, Burkhalter was at the time in reasonable apprehension of attack by him. We are also inclined to agree with the defense contention that the argument and threats just a few minutes earlier were relevant evidence by which the jury could evaluate the reasonableness of Burkhalter's belief.
Arguably, under the broad Louisiana interpretations of res gestae, evidence of the argument immediately preceding by some ten minutes the fatal encounter should have been admitted into evidence. See La.R.S. 15:448: "To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction." Presumably, if the State had sought to introduce this evidence in explanation of Burkhalter's attack on McAllister, the issue would have been resolved in favor of admissibility.
Nevertheless, in the light of the entire record, we are not quite prepared to hold that the trial court's finding that no overt hostile act occurred is so clearly erroneous as to warrant reversal of this conviction.
A man clad only in shorts who walks out of a washroom with his hand in a plastic bucket under usual circumstances does not constitute a hostile attack. Granted that the occurrence could take on a dangerous appearance in the context of a penitentiary corridor, nevertheless the uncontradicted evidence (most favorably to the defendant) is that McAllister simply walked out into the hall with the bucket, that Burkhalter (armed with a dagger) immediately approached him, grabbed him, and entered into a struggle in which the unarmed McAllister was stabbed to death.
Under these facts, we cannot say that the trial court clearly erred in holding that, whether or not the prior threats had in fact been made, Burkhalter could not reasonably have believed that McAllister's entry into the hall from the wash closet, hand in bucket, constituted a hostile act entitling Burkhalter to use violence in selfdefense.
Thus, we find no reversible error in this assignment. However, we do so with the caution that normally such evidence so closely connected in time and place may well be admissible as relevantly explaining the act for which the accused is charged.

II
During the voir dire examination of a prospective petit juror, the State discovered that the juror had a brother who was also an inmate at the penitentiary. The defendant objected to the State's further questioning of this juror relative to his brother's incarceration (in the same institution as the accused and the victim).
In meeting the defense objection and explaining this line of questioning, the district attorney (in the presence of alreadysworn and prospective jurors) argued that the questioning was pertinent because the man's brother might suffer retaliation if the jury (including the particular juror) returned a verdict of guilty. Thus, by implication the prospective juror might be unable to be impartial.
The defendant then moved for a mistrial. He argues that, as made in the presence of jurymen, the statement was highly prejudicial. Inter alia, it implied a violent and lawless character on the part of the accused. The defendant again urges that *395 this highly prejudicial remark by the prosecutor tainted the jury and its verdict and denied him a fair trial. Assignment of Error No. 6.
The prosecutor's remark in the presence of the jurymen was unfortunate. The argument should most probably have been made out of the hearing of the chosen and prospective jurors. In most circumstances, made in the presence of jurymen, the remark would constitute prejudice of a nature that a mere admonition to the jury to disregard it might not be sufficient.
The argument at the time of the motion and the trial court's per curiam indicates that the possibility of retaliation was reasonably familiar to the prospective veniremen. They were from West Feliciana, the seat of the penitentiary, where violent crimes of inmates against other inmates are not infrequent. Further, the factual comment of the district attorney was brief and not inflammatory nor deliberately injective of prejudice. There is no showing of a recurrent pattern of prosecutorial comment of this nature before jurors. Under all of the circumstances, we are unwilling to hold that the trial court abused its discretion in strongly and explicitly admonishing the jury to disregard the prosecutor's remark, rather than in granting a mistrial. La.C.Cr.P. art. 771.

III
The other contentions are without reversible merit and can be disposed of briefly:
(1) The trial jury was sworn and trial on the merits was had in October, 1974. The defendant attacks the jury venires because women were effectively excluded, although in accord with state law at the time. Assignments of Error Nos. 1(A), 5. Subsequent to the present trial, these state provisions were held to violate federal constitutional guarantees affording jury trials to those accused of serious crime. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). We have held that the ruling does not apply to trial jury empanelled before Taylor. State v. Rester, 309 So.2d 321 (La.1975); see also Daniels v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1972).
(2) The defendant contends that the grand jury which indicted was improperly constituted in that it contained a nonresident of the parish, McMorris, in violation of La.C.Cr.P. art. 401. Assignments of Error 1(B) 5. The defendant also questions certain evidentiary rulings relative to denial of further cross-examination of McMorris along lines deemed irrelevant and to the admission of grand jury minutes, over objection. Assignments of Error 2, 3, 4. On the identical transcript (several defendants in different prosecutions joined in the motions to quash indictments on this ground), we rejected the contention that the grand juror was disqualified. State v. Brewer, La., 301 So.2d 630, 635 (1974) (syllabus 9). We are unwilling to hold that the trial court erred in its limitation of further questioning after extensive cross-examination as to the main facts at issue; nor can we say that the defendant was prejudiced by the admission of the grand jury minutes in the preliminary motion heard outside the presence of the jury.

Decree
For the foregoing reasons, we affirm the conviction and sentence.
Affirmed.
SUMMERS, J., concurs in decree.
BARHAM, J., dissents.