DIXON, Justice.
The defendant Roger Simmons was indicted by the Richland Parish Grand Jury for the second degree murder of Harrison Lee Ignont, a violation of R.S. 14:30.1. A jury of twelve found the defendant guilty as charged. The defendant was sentenced to life imprisonment. The defendant assigns three errors for reversal of his conviction and sentence. Since we find merit in the defendant’s third assignment of error, we pretermit discussion of the defendant’s other assignments.
On February 15, 1975 Roger Simmons shot and killed Harrison Lee Ignont with a shotgun at the Goldmine Club in Richland Parish. After the State had put on its case in chief, the defendant attempted to elicit testimony concerning the victim’s dangerous character. The refusal of the trial judge to permit this line of questioning forms the basis of the defendant’s assignment of error.
R.S. 15:482 provides:
“In the absence of evidence of hostile demonstration or of overt act on the part of the person slain or injured, evidence of his dangerous character or of his threats against accused is not admissible.”
In order to introduce evidence of the decedent’s dangerous character or of his threats against the accused, the defendant must first present appreciable evidence tending to establish a hostile demonstration or an overt act on the part of the decedent which act or demonstration creates in the mind of a reasonable person a belief that he is in immediate danger of losing his life or of suffering great bodily harm. State v. Green, 335 So.2d 430 (La. 1976); State v. Lee, 331 So.2d 455 (La. 1975); State v. Groves, 311 So.2d 230 (La. 1975). The inquiry is not whether in fact the decedent was going to inflict great bodily harm on the defendant, but whether the defendant reasonably was in apprehension of an attack by the victim. State v. Burkhalter, 319 So.2d 392 (La. 1975). In the absence of evidence (not proof) of hostile demonstration or of overt act by the victim, evidence of his threats or dangerous character is not admissible. La.Acts 1952, No. 239, § 1 (now enrolled as R.S. 15:482) amending former C.Cr.P. 482. State v. Lee, supra.
The trial judge sustained the State’s objection to questions concerning the dangerous character of the deceased on the ground that no proper foundation had been laid; i. e., there was no “evidence” of an overt act. Those facts surrounding the incident reveal the following. A fight had occurred between the defendant and the decedent on the night of the shooting in which the defendant was badly beaten. (The evidence also reveals that a fight had taken place between the same two men some months before). Both men left the scene promising that they would return. The defendant testified that Ignont had told him that he was going to go home, get his gun and come back and kill the defendant. The defendant testified that he replied that he could go home too.
After the defendant had returned and was waiting at the cook shed, the decedent drove up with his wife. Mrs. Ignont testified that she saw the defendant and that she was certain that her husband had also. (The evidence revealed that the area out *275 side the club was well lighted). The defendant testified that when the decedent and his wife drove up, he saw Ola Ignont take a pistol out of her purse and give it to her husband, after which Ignont got out of the passenger side of the car and turned toward the defendant. It was at this point that the defendant fired at the decedent. The defendant testified: “Yes, sir, when he went to turn, that is when I shot, because I had seen the gun and knowed that he was going to shoot me.” The victim’s wife testified at trial that she had not given her husband a gun.
In his per curiam, the trial judge found that the only evidence of an overt act was the defendant’s testimony that the victim had turned toward him. The trial judge found that this testimony was uncorroborated, unsupported by other evidence and completely self-serving. He also found that no pistol was found at the scene of the crime or on the victim. Therefore, he concluded that the “unsupported, self-serving statement of defendant was not ‘evidence’ of an overt act which would justify the introduction of the evidence offered.”
However, the following evidence was also adduced at trial. Deputy Burgess Cumpton of the Richland Parish sheriff’s office was called as a witness for the State. He was the first deputy to arrive at the hospital to which the victim was brought. The deputy was informed by the treating physician that the victim’s right hand pants pocket had been emptied. Deputy Cumpton went to the victim’s car and discovered a basket of blood stained clothing in the back seat. The deputy found a lighter, some money and a pistol together in the basket about midway down in the clothing. When asked by the deputy who these objects belonged to, Mrs. Ignont replied that the gun was hers but that she didn’t know where the other articles had come from. At trial, however, Mrs. Ignont testified that while she and the victim were being driven to the hospital she took the money out of her husband’s pocket and put it in the basket. She also explained that it was her habit to always carry a gun with her and that she had done her laundry that day and had left the gun in the basket.
In summary, the following evidence was adduced to show an overt act or hostile demonstration. (1) The defendant and the victim had fought on the night of the incident and each indicated that he was going home to get his gun and would return. (2) The defendant testified that he actually saw Mrs. Ignont take a gun from her purse and hand it to her husband before he left the car and that the victim turned toward the defendant just before the defendant fired. (3) Mrs. Ignont testified at trial that she had emptied her husband’s pocket on the way to the hospital, which testimony was directly contrary to her initial statements at the hospital. (4) Deputy Cumpton testified that a pistol was found in Mrs. Ignont’s car halfway down in the basket of laundry, which was in the same spot as the items taken from the victim’s pocket, indicating that in fact there was another gun at the scene of the crime. The testimony of Deputy Cumpton and the contradictory testimony of Mrs. Ignont does tend to corroborate the defendant’s testimony and, taken together with the defendant’s testimony, constitutes appreciable evidence of an overt act or hostile demonstration. Therefore, the defendant should have been permitted to elicit testimony as to the victim’s dangerous character or of his threats against the accused.[1]
*276 For these reasons the conviction and sentence of the defendant are reversed and the case is remanded for further proceedings not inconsistent with this opinion.
SUMMER, J., dissents.

. The evidence of the decedent’s dangerous character or of his threats against the defendant would be relevant to support a plea of self-defense. In addition to the trial court’s ruling that no proper foundation had been laid, both the trial judge and the State (in brief) argue that the thrust of the accused’s defense at trial was that he never intended to hit the victim with the buckshot, but merely intended to scare him. Therefore, they conclude that the testimony concerning the decedent’s dangerous character was properly excluded because the defense was accidental shooting and not self-defense.
The defendant testified that he intentionally shot “high” in an attempt to scare the decedent after the decedent had turned toward him with a gun in his hand. (The center of the buckshot pattern found on the wall behind the decedent was 6'4" from the ground, indicating that the *276 defendant probably had aimed “high.”) However, he also testified that at the time he shot he was in fear that the decedent was immediately going to kill him and that by firing first he could scare the decedent and avoid being shot. The fact that the defendant did not wish to kill the decedent is not inconsistent with his claim of self-defense.