297 So.2d 417 (1974)
STATE of Louisiana
v.
Willie J. DANIEL.
No. 54607.
Supreme Court of Louisiana.
July 1, 1974.
*418 Roy L. Wood, Amite, J. Arthur Smith, III, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Willie J. Daniel, was charged with armed robbery. On November 20, 1973, after a jury trial, he was convicted and sentenced to imprisonment for 60 years. Defendant now appeals. Bills of Exceptions Nos. 4 and 5 were neither argued nor briefed by defendant; therefore, they are deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972). In this Court, defendant relies upon Bills of Exceptions Nos. 1, 2, and 3.

BILL OF EXCEPTIONS NO. 1
Defendant alleges that the lower court committed error by overruling the defendant's Motion to Quash the petit jury venire on the ground that women were systematically excluded from the jury. See LSA-Const. Art. 7, § 41; LSA-C.Cr.P. Art. 402. Relying upon the decisions of the United States Supreme Court in Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L. Ed.2d 118 (1961), this Court has often held that the jury selection method here attacked is valid. See State v. Davis, La., 284 So.2d 896 (1973); State v. Womack, La., 283 So.2d 708 (1973), and the cases therein cited. We adhere to these holdings until the United States Court has again spoken on the subject.
This Bill is without merit.

BILL OF EXCEPTIONS NO. 2
In this Bill, defendant alleges that the lower court committed error by compelling him, over his objection, to wear handcuffs throughout his trial.
Defense counsel moved to have defendant's handcuffs removed; the State objected, and the court heard evidence as to the need for manacles. Captain Wallace Laird, Chief Criminal Deputy of St. Tammany Parish, testified that, while defendant was confined in the parish jail awaiting trial, he was involved in the following custodial offenses: 1) destroying the fixtures in a cell, October 1972; 2) crime against nature in his prison cell, February 1973; 3) simple escape, the bars of his cell having been sawed, June 1973; and 4) attempted simple escape, after locking two jailers in a cell, August 1973. Captain Laird further testified that he thought that, in addition to handcuffs, defendant should have a chain around his waist to prevent him from raising his arms.
The conduct of the trial, including the use of manacles, is within the sound discretion of the trial judge. State v. Tennant, 262 La. 941, 265 So.2d 230 (1972); McCloskey v. Boslow, 349 F.2d 119 (4th Cir. 1965). In light of the defendant's violent history, we find no abuse of discretion on the part of the trial judge in requiring defendant to wear handcuffs.
This Bill is without merit.

BILLS OF EXCEPTIONS NO. 3
In this Bill, defendant contends that the lower court erred in overruling his objection to the pre-trial line-up and all identification testimony concerning the line-up because defendant was not afforded the right to counsel at the line-up. The line-up took place during the investigative period before counsel was appointed and before the prosecution had been initiated by the filing of the Bill of Information. Under these circumstances, there is no constitutional *419 requirement that an attorney for the defendant be present at the line-up. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), and cases cited therein. We find nothing in the record which indicates that defendant's rights were violated.
Hence, this Bill is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.