# DANIEL v. LOUISIANA

No. 74–5369.   Decided January 27, 1975

PER CURIAM.

Appellant Daniel was tried before a jury of the Twenty-second Judicial District Court of Louisiana and convicted of armed robbery on November 20, 1973.   The jury that tried appellant was selected from a venire chosen in accordance with the procedures then provided for in La. Const., Art. VII, § 41, and La. Code Crim. Proc., Art. 402.   Appellant raised a timely motion to quash the petit jury venire, contending that these procedures violated the Fourteenth Amendment because they resulted in the systematic exclusion of women from the petit jury venire from which his jury was chosen.   His motion to quash was denied and this denial was affirmed on appeal to the Louisiana Supreme Court.   297 So. 2d 417 (1974).

In *Taylor* v. *Louisiana*, 419 U. S. 522 (1975), we held that the Sixth and Fourteenth Amendments command that petit juries must be selected from a source fairly representative of the community.   In this case, it is not disputed that the jury venire from which appellant's petit jury was chosen did not constitute a fair cross sec-

tion of the community. The question is whether our decision in *Taylor* v. *Louisiana* is to be applied retroactively to other defendants whose opportunity to raise a timely objection to the jury-selection procedures had passed as of the date of our decision in *Taylor*. We hold that *Taylor* is not to be applied retroactively, as a matter of federal law, to convictions obtained by juries empaneled prior to the date of that decision.

As we stated in *Taylor* v. *Louisiana, supra,* at 535–536, "until today no case had squarely held that the exclusion of women from jury venires deprives a criminal defendant of his Sixth Amendment right to trial by an impartial jury drawn from a fair cross section of the community." Given this statement, as well as the doctrinal underpinnings of the decision in *Taylor,* the question of the retroactive application of *Taylor* is clearly controlled by our decision in *DeStefano* v. *Woods,* 392 U. S. 631 (1968), where we held *Duncan* v. *Louisiana,* 391 U. S. 145 (1968), to be applicable only prospectively. The three relevant factors, as identified in *Stovall* v. *Denno,* 388 U. S. 293, 297 (1967), are

> "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

In *Taylor,* as in *Duncan,* we were concerned generally with the function played by the jury in our system of criminal justice, more specifically the function of preventing arbitrariness and repression. In *Taylor,* as in *Duncan,* our decision did not rest on the premise that every criminal trial, or any particular trial, was necessarily unfair because it was not conducted in accordance with what we determined to be the requirements of the Sixth Amendment. In *Taylor,* as in *Duncan,* the reli-

ance of law enforcement officials and state legislatures on prior decisions of this Court, such as *Hoyt* v. *Florida,* 368 U. S. 57 (1961), in structuring their criminal justice systems is clear. Here, as in *Duncan,* the requirement of retrying a significant number of persons were *Taylor* to be held retroactive would do little, if anything, to vindicate the Sixth Amendment interest at stake and would have a substantial impact on the administration of criminal justice in Louisiana and in other States whose past procedures have not produced jury venires that comport with the requirement enunciated in *Taylor.*

The judgment is affirmed.

*It is so ordered.*

MR. JUSTICE DOUGLAS, dissenting.

The decision in *Taylor* v. *Louisiana* was applied retroactively to the trial and conviction in that case, not prospectively. I see no equities that permit retroactivity of the new ruling in *Taylor* and that disallow it here. My view has been that we should make our constitutional ruling retroactive in all cases if we make it retroactive in one. We can never know what differences, if any, would have resulted if a trial had been held pursuant to constitutional standards of procedural due process. I have recorded my dissents in other like situations, *e. g., Stovall* v. *Denno,* 388 U. S. 293, 302–303; *Linkletter* v. *Walker,* 381 U. S. 618, 640; *Johnson* v. *New Jersey,* 384 U. S. 719, 736; *Whisman* v. *Georgia,* 384 U. S. 895.* When *Miranda* v. *Arizona,* 384 U. S. 436, was decided we applied its ruling to three other cases in which

---

*See also *Tehan* v. *United States ex rel. Shott,* 382 U. S. 406, 419; *DeStefano* v. *Woods,* 392 U. S. 631, 635; *Fuller* v. *Alaska,* 393 U. S. 80, 82; *Desist* v. *United States,* 394 U. S. 244, 255; *Jenkins* v. *Delaware,* 395 U. S. 213, 222; *Mackey* v. *United States,* 401 U. S. 667, 713; *Adams* v. *Illinois,* 405 U. S. 278, 286; *Michigan* v. *Payne,* 412 U. S. 47, 58; *Michigan* v. *Tucker,* 417 U. S. 433, 464.

we also granted certiorari, *id.,* at 499. We had held 40 additional cases raising the same point; and when *Miranda* was decided we denied certiorari in each of them, 384 U. S. 1020–1025. I dissented from these denials saying:

> "MR. JUSTICE DOUGLAS is of the opinion that certiorari should be granted in these cases and the judgments below reversed. He would remand the cases for a new trial, it being clear from the records that the principles announced in *Miranda* v. *Arizona, ante,* p. 436, were not applied. He sees no reason for discriminating against these petitioners, all of these cases having come here on direct review and being of the same vintage as *Miranda* v. *Arizona."* *Id.,* at 1020–1021.

Here, as in the case of *Miranda,* it is largely chance that we take for review one of several or many cases presenting the same issue. It is, I think, highly unfair to make the opinion in the case we take retroactive in that appellant's case but not retroactive in others of the same vintage and pending here. If we sought equal justice for all we would either make all of our constitutional decisions retroactive or all of them prospective only.