309 So.2d 325 (1975)
STATE of Louisiana
v.
Marvin Aubrey DEVORE.
No. 55366.
Supreme Court of Louisiana.
February 24, 1975.
Rehearing Denied March 31, 1975.
*327 Gerald H. Schiff, John D. Edwards, Opelousas, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The Grand Jury of St. Landry Parish indicted the defendant, Marvin Aubrey Devore, for the murder of J. B. Miller. LSA-R.S. 14:30. Following trial, the jury found the defendant guilty, and the trial judge sentenced him to life imprisonment.
The defendant has appealed, relying upon thirty-three bills of exceptions for the reversal of his conviction.
The State's theory of the case is that the defendant beat the victim and then threw him off a bridge into a bayou, where he drowned.

BILLS OF EXCEPTIONS NOS. 1, 2, 3, 4, 5, 6, 7, 8, AND 9
The first nine bills of exceptions arise from the defendant's two motions for a bill of particulars. The State answered the motions, furnishing numerous items of information, including the place of the offense; the time of the offense; the subsection of the statute under which the defendant was being prosecuted; the cause of death; and that no weapons were used in the homicide.
*328 The trial court ruled that the State was not required to answer the following requests for information:
"3. What are the names and addresses of:
A. Any and all witnesses to be used by the State in the prosecution of the alleged offense.
B. Any and all of the arresting officers.
"8. A description of all physical evidence taken by State in its investigation and from where obtained.
"9. A description of all scientific examinations and/or analyses of said evidence and the findings thereof.
"10. Please furnish information and documentation that Defendant was appraised of his constitutional rights upon waiver of extradition proceedings in the State of Alabama, and his attorney's name when said appraisement of rights was made.
"11. Who represented the Defendant at the extradition hearing held in the State of Alabama and please give the address and telephone number of said representative.
"18. Were there any continuances granted in regards to the trial of the charges herein.
"19. If the continuances were granted were written motions filed for same.
"20. If a continuance was granted was Defendant present at the granting of said motion.
"21. Please furnish a complete documentation of the entire record of the proceedings presented to the St. Landry Parish Grand Jury which caused and brought about the indictment."
Defendant contends that the court erred in denying the above requested information.
The function of a bill of particulars is to inform the defendant more specifically of the nature and cause of the charge against him. LSA-C.Cr.P. Art. 484; State v. Simpson, 216 La. 212, 43 So.2d 585 (1949), cert. denied 339 U.S. 929, 70 S.Ct. 625, 94 L.Ed. 1350.
The bill of particulars cannot be used as a device to secure the details of the State's evidence or to burden the State with requests for information unrelated to the nature and cause of the charge. State v. Rose, La., 271 So.2d 863 (1973); State v. Hudson, 253 La. 992, 221 So.2d 484 (1969).
Requests Nos. 3, 8, and 9 sought the disclosure of the details of the State's evidence, including the names of the witnesses.
Request Nos. 10 and 11, relating to extradition proceedings, are foreign to the nature and cause of the charge.
Requests Nos. 18, 19, and 20 are also foreign to the nature and cause of the charge. Moreover, the information sought was available from the court record and minutes.
Request No. 21 sought the transcript of the Grand Jury proceedings. The law makes Grand Jury proceedings secret, and testimony taken before the Grand Jury cannot be used in a trial, other than a prosecution for perjury. LSA-C.Cr.P. Arts. 431, 434, 440, 441; State v. Terrebonne, 256 La. 385, 236 So.2d 773 (1970).
Hence, we conclude that the rulings of the trial judge were correct.

BILLS OF EXCEPTIONS NOS. 10, 11, 12, AND 13
Prior to trial, the defense filed a motion to suppress a written statement obtained *329 from Ellen Stelly, a prospective witness, on the ground that it was obtained from the witness by coercion. The witness's statement included a recital that the defendant told the witness that he had killed "a man" and that she saw blood stains on his clothes. Over defense objection, Mrs. Stelly's written statement was admitted in evidence at the hearing on the motion to suppress.
Article 703 of the Louisiana Code of Criminal Procedure provides in pertinent part:
"B. A defendant may move to suppress for use as evidence at the trial on the merits a written confession or written inculpatory statement, on any ground that would make it inadmissible as evidence."
Under the above article, a motion to suppress is a proper procedural device to suppress for use as trial evidence a written confession or inculpatory statement of the defendant. The motion to suppress cannot be used to suppress a prospective witness's written statement, given to law enforcement officers during the course of the investigation. The statement merely reflects the witness's knowledge of the crime and has no value as documentary evidence.
If and when the witness testifies at trial, any portion of that testimony is subject to objection as to its admissibility.
Since the motion to suppress was directed at the written statement, the trial judge did not err in admitting it in evidence at the hearing on the motion to suppress. The statement was not later used at the trial on the merits.
We conclude that Bills Nos. 10, 11, and 12 are without merit.

BILLS OF EXCEPTIONS NOS. 14 AND 15
Defendant filed a motion to quash the indictment on the ground that he was not advised of his constitutional rights prior to his waiver of extradition from the state where he was arrested. He asserts that the failure to inform him of his constitutional rights had the effect of vitiating the waiver of extradition. He argues that because he was improperly brought into this State, the court has no jurisdiction to try him for the offense.
Article 4, Section 2, Clause 2 of the United States Constitution provides:
"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."
In Frisbie v. Collins, 342 U.S. 519, 72 S. Ct. 509, 96 L.Ed. 541 (1952), the United States Supreme Court in interpreting this provision, stated:
"This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 229, 30 L.Ed. 421, that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a `forcible abduction.'"
See also Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148 (1906); Lascelles v. Georgia, 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549 (1893).
Assuming there was an irregularity in the waiver of extradition, an assumption most favorable to the defendant, the power of the Louisiana court to try the defendant is not impaired.
Hence, these bills of exceptions lack merit.

BILLS OF EXCEPTIONS NOS. 24, 25, 29, 33, 34, 39, AND 40
The defense grouped these seven bills of exceptions, because they all concern evidentiary questions raised during the trial.
*330 Bill of Exceptions No. 24 arises from a question addressed to the coroner, Dr. Williams. Dr. Williams was asked, "Were you able to find any other types of cuts, abrasions, or bruises on his (the victim's) body?"
This information sought by the State was relevant evidence tending to show the commission of the offense. The information was, therefore, admissible. LSA-R.S. 15:435, 15:441.
During cross-examination, defense counsel asked the State's witness, Dr. Williams, how he knew that the body was that of J. B. Miller. The witness replied that the information was given to him by the Deputy Sheriffs.
The defense asserts that the Coroner's testimony was hearsay and inadmissible. Assuming it to be hearsay, we note that the testimony was given in direct response to defense counsel's own question. Thus, the answer cannot be charged against the State. See State v. Brazile, 234 La. 145, 99 So.2d 62 (1958); State v. Lea, 228 La. 724, 884 So.2d 169 (1955), cert. denied 350 U.S. 1007, 76 S.Ct. 655, 100 L. Ed. 869. Moreover, as the record contains other competent testimony identifying the body as that of J. B. Miller, the Coroner's testimony was harmless error. LSA-C. Cr.P. Art. 921; State v. Maiden, 258 La. 417, 246 So.2d 810 (1971).
Defense counsel reserved Bill of Exceptions No. 29 when witness Don Miller testified that the victim's body had been moved. He testified that the body was not in the same position when he arrived at the scene as that shown in a photograph later exhibited to him. The defense contends that the testimony was hearsay.
The testimony, in our opinion, was non-hearsay. The witness was competent to testify from his own knowledge that the body was moved because the body as shown in the photograph was not in the same position in which he viewed it at the scene of the crime.
We have examined the remaining evidentiary rulings in this group and find no reversible error.
The bills of exceptions are without merit.

BILLS OF EXCEPTIONS NOS. 26, 27, AND 28
Defendant reserved these bills of exceptions to the admission in evidence of certain documents found on the victim's body: a Social Security Card issued to "Jean I. Miller"; a voter's certificate issued to "Jean I. Miller"; a baptism certificate issued to "Jean Ivory Miller."
The defense asserts that these documents were inadmissible, because they were issued to a person other than the victim, J B. Miller.
The defendant's objection is insubstantial. All documents were found on the victim's body. The victim's sister testified that her brother used both the name J. B. Miller and Jean I. Miller. In the light of this testimony, the documents, of course, were relevant for identification purposes.
Bills of Exceptions Nos. 26, 27, and 28 are without merit.
In connection with these bills of exceptions, the defense also urges another matter to which no objection was made at trial. Pursuant to agreement between the District Attorney and defense counsel, the trial judge ruled that the death certificate was admissible only to show the cause of death. Without any objection, the judge ordered the striking of the entries in blocks 19a and 19b of the death certificate. The Deputy Clerk undertook to carry out the judge's instructions. Inadvertently, however, the Clerk failed to delete 19a, referring to the death as a homicide.
Defense counsel did not examine the document, nor did he make any objection at the time. Defense counsel raises the matter for the first time in this Court.
*331 In our opinion, the irregularity was wavied by the failure of the defense counsel to check the document and call the matter to the attention of the trial judge. LSA-C.Cr.P. Art. 841. Regardless, as the State agreed to the limited offering of the death certificate, to show only the cause of death, this matter cannot be charged against the State.

BILL OF EXCEPTIONS NO. 30
In its opening statement, the State placed the defendant at a certain bar in the early evening. One of its witnesses, however, testified that the defendant came to the bar in the latter part of the night or early part of the morning. The defense objected to the testimony on the ground that it was contrary to the opening statement.
Article 769 of the Code of Criminal Procedure provides:
"Evidence not fairly within the scope of the opening statement of the state shall not be admitted in evidence.
"If the state offers evidence that was inadvertently and in good faith omitted from the opening statement, the court, in its discretion may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense."
The above article requires only that the evidence be within the scope of the opening statement. It does not require that all testimony elicited by the State be perfectly consistent with the State's theory of the case. This is especially true as to the time of occurrences.
The opening statement indicated that the defendant and the victim were in the bar before the crime occurred. The contested testimony, in our opinion, falls within the scope of the opening statement.
The defendant has alleged no suprise or prejudice in the preparation of his defense. Hence, even if the testimony is considered outside the scope of the opening statement, the trial judge did not abuse his discretion in allowing its introduction.

BILLS OF EXCEPTIONS NOS. 35 AND 38
The bill of particulars furnished by the State indicated that the murder occurred approximately twelve miles east of the City of Opelousas, St. Landry Parish, Louisiana, on a bridge crossing Bayou Courtableau. At trial, over defense objection, testimony was admitted describing the bridge as crossing Bayou Darbonne.
The record, including State's exhibit 17, reflects the close proximity of the two bayous. The area where the body was found drains out of Bayour Courtableau.
The trial judge found that the defense suffered no suprise or prejudice by the discrepancy in names. We likewise find no merit in these two bills of exceptions.

BILLS OF EXCEPTIONS NOS. 36, 37, AND 42
The defense reserved these bills of exceptions to the trial judge's rulings disallowing certain of its questions to State's witnesses during cross-examination:
(1) Bill No. 36 deals with questions concerning whether or not the victim could have "possibly" saved himself by catching the side of the bridge.
(2) Bill No. 37 relates to the question whether or not the victim could have swum out of the bayou.
(3) Bill No. 42 relates to the question whether or not he would have to be on the side of the bayou to get hold of a stick.
All three questions are hypothetical and improper in form.
The trial judge properly sustained the State's objections.

*332 BILL OF EXCEPTIONS NO. 46
The defendant filed a motion to quash the indictment on the ground that women were improperly excluded from Grand Jury service. He asserts the unconstitutionality of Article 402 of the Louisiana Code of Criminal Procedure, which provides an exemption for women who have filed no written consent for jury service.[1]
On January 21, 1975, while this case was pending on appeal in this Court, the United States Supreme Court handed down its decision in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), holding the Louisiana women's exemption unconstitutional.
In a subsequent decision, Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed. 2d 790, the United States Supreme Court held that Taylor v. Louisiana was not retroactive, stating specifically:
"We hold that Taylor is not to be applied retroactively, as a matter of federal law, to convictions obtained by juries empanelled prior to the date of that decision."
Assuming, without deciding, that the decision in Taylor v. Louisiana is applicable to grand juries, as well as petit juries, it has no application here since the present grand jury was empanelled, the indictment returned, and conviction obtained prior to January 21, 1975, the date of that decision.
Hence, this Bill of Exceptions lacks merit.

BILL OF EXCEPTIONS NO. 47
During the State's testimony, a witness testified that he heard the vicitim call out, "No, y'all, don't do that." The trial Judge ruled that the evidence was inadmissible hearsay.
During the State's closing argument, the District Attorney referred to this statement. The defense objected. The trial judge sustained the objection, admonishing the jury to disregard the statement. Despite this favorable ruling, defense counsel reserved Bill of Exceptions No. 47.
The State argues that the victim's statement was admissible as part of the res gestae but, in any event, the inadvertent reference to the excluded statement was cured by the trial judge's admonition.
We express no opinion as to the admissibility of the statement. The reference to the excluded statement is not a mandatory ground for a mistrial. LSA-C.Cr.P. Art. 770. Hence, the sustaining of the defense objection and admonition to the jury was sufficient to avoid prejudice and to assure the defendant a fair trial. See LSA-C.Cr. P. Art. 771.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
I dissent from the majority's holding that Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) is not to be applied when a case pending on appeal shows an unconstitutional exclusion of women from jury service. The majority of this Court have determined that under Daniel v. State of Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975) this Court will automatically apply the rule of unconstitutionality in Taylor prospectively in every respect in state prosecutions, even those pending in the judicial system of this State. See my dissent in State v. Rester, 309 So.2d 321 (La.1975).
I respectfully dissent.
NOTES
[1] Under Article 5, Section 33 of the Louisiana Constitution of 1974, effective January 1, 1975, women are no longer exempt from jury service. See also Rule 25, Rules of the Supreme Court of Louisiana.