CALOGERO, Justice.
The defendant, Wilbert Anderson, was charged by Bill of Information with armed robbery, R.S. 14:64. After a trial by jury he was found guilty and was sentenced to serve 30 years in the custody of the Louisiana Department of Corrections. He has appealed presenting two assignments of errors for review.

Assignment of Errors No. 1

This assignment of errors is grounded on the trial court’s denial of a motion to quash the petit jury venire on the ground that women had been systematically excluded.[1] The Motion argues that the 1921 Louisiana Constitution Article VII Section 41, and La.C.Cr.P. Art. 402, excluding women from jury service absent a written declaration of a desire to be subject to jury service, are unconstitutional.
The United States Supreme Court in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) declared the Louisiana system of excluding women unconstitutional, but declined to give that ruling retroactive effect in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).
In State v. Rester, 309 So.2d 321 (La.1975), we declined to give retroactive effect to the holding in Taylor, finding that the exclusion of women did not go to the integrity of the fact finding process.
This Assignment is without 'merit.

*870
Assignment of Error No. 2

This Assignment is from the trial court’s refusal to grant a Motion for New Trial. The motion was premised on Subsections 4 and 5 of C.Cr.P. Art. 851, newly discovered prejudicial error or defect in proceedings and/or serving the ends of justice.[2] Specifically defendant complained of a spontaneous outburst by a State witness, Susan Nash, in the courtroom.
The outburst occurred at the commencement of the third and final day of trial. Defense counsel, Mr. Gravel, interrupted the testimony of a State witness to observe that some of his witnesses were in the courtroom. He then noted that Mrs. Nash was also in the courtroom. Whereupon, the following, including the outburst which is italicized, transpired:
“BY MR. GRAVEL: I think Mrs. Nash is in the Court too.
BY THE COURT: Which Nash, we have two Nashes here, we have Susan and Mildred — (Interrupted)
BY MR. GRAVEL: Susan is still here, Your Honor, she is coming back to see us today. [Mrs. Nash had testified on the previous day.]
BY THE COURT: I thought she was ill.
BY MR. GRAVEL: I did too — (Interrupted)
BY SUSAN NASH: I am ill but that's my baby. That’s my baby and I follow her everwhere she goes.” (tr. p. 128-29).
Then there followed a discussion whether Mrs. Nash had violated the rule of sequestration. Defense counsel indicated that he might want to call her and the State objected to any further testimony by her on the basis that she had violated the rule. The Court deferred ruling on the State objection.
Defense counsel testified from memory at the hearing held on the Motion for New Trial. His recollection of the outburst was that Susan Nash made a statement that purported to be “that’s my baby” in the presence of the jury. At the time of the outburst he t had understood the reference to be to Mrs. Nash’s daughter. However, after the jury deliberation it dawned on him that the jury might believe she was referring to the defendant. The argument made is that if the jury understood the outburst to refer to the defendant then Mrs. Nash’s testimony would likely have been discounted by the jury.
It is clear from reviewing the transcript that the witness’ reference was to her daughter and not to the defendant.
There is no showing of error. Accordingly we find no abuse of discretion by the trial court in denying defendant’s Motion for New Trial.
For the above assigned reasons defendant’s conviction and sentence are affirmed.

. The Motion to Quash also attacked the Grand Jury venire. However, the defendant was not indicted by the Grand Jury but had been charged by Bill of Information.

. “Art. 851. Grounds for new trial
“The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
“The court, on motion of the defendant, shall grant a new trial whenever:
“(1) . . .
“(2) . . .
“(3) . . .
“(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment; or
“(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.”