334 So.2d 211 (1976)
STATE of Louisiana
v.
Ladonna COOPER.
No. 57592.
Supreme Court of Louisiana.
June 21, 1976.
*212 Joseph A. Reeves, Jr., Emmons, Henry & Reeves, Jonesboro, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leon H. Whitten, Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Ladonna Cooper was indicted by the grand jury for the Parish of Jackson for the second degree murder of Ezra Alton Liner, in violation of La.R.S. 14:30.1(1). After trial by jury, she was found guilty of manslaughter and was thereafter sentenced to serve twelve years at hard labor. On appeal, she relies upon five assignments of error for reversal of her conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erred in denying her motion to quash the indictment on the ground that women were systematically excluded from the grand jury and the grand jury venire in violation of her constitutional rights.
The grand jury in the instant case returned an indictment against defendant on October 22, 1974. In Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), decided on January 21, 1975, the Supreme Court held that the Louisiana provisions for the exemption of women from juries was unconstitutional. However, in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), the Court held *213 that the Taylor ruling is not to be applied retroactively, as a matter of federal law, to convictions by juries empanelled prior to the date of the Taylor decision. This court has held, consonant with Daniel, that, as a matter of state law, Taylor would not be applied to grand and petit juries empanelled before that decision. State v. Devore, 309 So.2d 325 (La.1975); State v. Rester, 309 So.2d 321 (La.1975). This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
On cross-examination by defense counsel, the sheriff of Jackson Parish testified that he had assisted in defendant's arrest after her return from Dallas, Texas, and accompanied her while she was taken to the scene of the crime. Defense counsel asked him whether she made any statements following her arrest, and the sheriff replied that she "told us just what happened" while she was at the scene of the crime. The sheriff also stated that she made the statement before he advised her of her constitutional rights, as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The state did not introduce or in any way use this statement in the trial of this case.
However, defendant's accomplice in the crime, John Paul Andrews, did testify against her at trial. Defendant objected to the admissibility of his testimony, contending that he was induced to testify against her at trial when he learned of her statement which, defendant suggests, inculpated him. She argues that her accomplice's testimony was inadmissible because it was tainted by her previous statement, given without the benefit of Miranda warnings.
We find it unnecessary to consider the legal merits of defendant's argument, since the evidence at trial did not establish that Andrews' knowledge of defendant's statement induced him to testify against her at trial. Andrews had made a prior inconsistent statement in which he had taken full blame for the homicide and exculpated defendant. The prosecutor asked Andrews why, after earlier refusing to inculpate defendant, he had changed his mind:
Q. Why did you tell previously that she was not involved?
A. Because of the reason she told me she was pregnant.
Q. And you found out differently?
A. Yes, sir.
Further, on recross examination, Andrews emphatically and repeatedly denied that defendant's statement had any bearing whatsoever in his decision to testify against her at trial. Hence, the trial judge did not err in overruling defendant's objection to the admissibility of his testimony.
Defendant also contends that the trial judge erred in overruling her objection to the introduction of the victim's shoes in evidence. This contention lacks substance. The sheriff of Jackson Parish, called as a witness by the state, testified that he assisted in an investigation of the homicide with which defendant was charged and that he found a pair of shoes near the victim's body, which he still had in his possession. Defense counsel stipulated that the shoes were found near the scene of the crime. The record does not reveal that the shoes were ever introduced into evidence.
Assignments of Error Nos. 2 and 3 are without merit.

ASSIGNMENT OF ERROR NO. 4
In this assignment of error, defendant complains of the admission in evidence of twenty-one photographs depicting the body of the deceased. She alleges that the photographs were admitted for the purpose of inflaming and exciting the jury's emotions.
The first set of photographs, taken in black and white, show the deceased as he *214 was found by the police at the scene of his death. The second set, of which some are in color and some are in black and white, show the victim's body after it had been rolled over so that his face could be seen. Without an autopsy being made, the body was released to a funeral home and then buried. Four months later, in January, 1975, the body was disinterred and an autopsy made, at which time a third set of photographs of the body, consisting of nine pictures, was taken.
Generally, photographs of the body of the victim depicting the fatal wounds are relevant to prove the corpus delicti; to corroborate other evidence of the manner in which death occurred; to establish the location, severity, and number of wounds; and to establish the identity of the victim. State v. Beach, 320 So.2d 142 (La.1975). The test of admissibility is whether the probative value of the photographs outweighs the prejudice that may result from their display to the jury. State v. Smith, 327 So.2d 355 (La.1976). The circumstance that the photographs are gruesome does not of itself make them inadmissible. State v. Curry, 292 So.2d 212 (La.1974).
After examining the photographs in question, we are of the view that, while they are unpleasant, they are not especially gruesome. Moreover, they have distinct probative value in that they identify the location, severity, and number of the wounds the victim received. Evidence in this regard was relevant to corroborate the testimony of Andrews, who stated that he hit the victim twice in the head with a tire tool, and that defendant ran the victim over in an automobile. Further, the photographs had particular probative value in this case because of the fact that the victim's body was disinterred for the purpose of conducting an autopsy four months after it was originally buried. As stated above, the first two sets of photographs depict the victim's body in September, 1974, and the third set his body in January, 1975, after it was disinterred. Dr. George McCormick, a pathologist, testified that he examined the body of the deceased in January. It was therefore necessary for the jury to know that the body that Dr. McCormick examined was the same body that had been found at the scene of the crime and buried four months earlier. By viewing sets of photographs taken in both September and January, the jury was able to establish that the body Dr. McCormick examined was the same body that had been found at the scene of the crime.
Since the probative value of the photographs outweighed their possible inflammatory effect, the trial judge did not err in admitting them in evidence. This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 5
Finally, defendant complains of the denial of her motion for a new trial, contending that the trial judge committed reversible error when he spoke to the foreman of the jury, outside the presence of defendant or her counsel after the jury had retired for deliberation, about the possibility of the jury's needing accommodations for the night. She argues that the trial judge's conduct was proscribed by article 808 of the Code of Criminal Procedure, which provides:
If the jury or any member thereof, after having retired to deliberate upon the verdict, desires further charges, the officer in charge shall bring the jury into the courtroom, and the court shall in the presence of the defendant, his counsel, and the district attorney, further charge the jury. The further charge may be verbal.
It is our opinion that the trial judge's statement to the jury did not constitute a charge, so that article 808 is totally inapplicable to this case. Further, defendant makes no showing that the trial judge's speaking to the jury about their accommodations was in any way prejudicial. *215 Hence, the trial judge did not err in refusing to grant a new trial. This assignment of error has no merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs.