337 So.2d 197 (1976)
STATE of Louisiana
v.
George JOLLA.
No. 57689.
Supreme Court of Louisiana.
September 13, 1976.
*198 James David McNeill, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, George Jolla, was charged by bill of information with the armed robbery of John H. Petry, a violation of LSA-R.S. 14:64. The defendant was tried, found guilty, and sentenced as a multiple offender, in accordance with LSA-R.S. 15:529.1, to serve fifty years in the custody of the Louisiana Department of Corrections without benefit of parole, probation, or suspension of sentence. On appeal to this Court, defendant relies upon eight assignments of error for reversal of his conviction and sentence. For clarity, we will treat separately the trial for armed robbery and the subsequent multiple offender proceeding.

A. ARMED ROBBERY TRIAL

ASSIGNMENT OF ERROR NO. 1
During rebuttal testimony for the State, Detective William Roth stated that after defendant's arrest, the defendant admitted that he was at the scene of the robbery but that he did not "hold the men up," and that two other men, Gerald Brown and "Zachery Nolan or something like that," had committed the crime. Detective Roth further testified that Brown was subsequently arrested and charged with the crime.
During cross-examination, defense counsel asked Detective Roth whether the fact that Gerald Brown had been arrested was placed in Roth's police report. The witness replied: "I believe the name's in the Police Report, sir," and added that he did not have the report with him. The defense counsel then called for production of the report so that Detective Roth could refresh his memory, and when this request was denied, he reserved Bill of Exceptions No. 2.
The trial court's ruling is correct. It is only when the witness has no independent recollection of a matter concerning *199 which he is testifying and must refer to his report in order to testify that the production of his report for defense counsel's inspection is required. State v. Perkins, La., 310 So.2d 591 (1975); State v. Lane, La., 302 So.2d 880 (1974); State v. Tharp, La., 284 So.2d 536 (1973).
Moreover, since the witness conceded that Brown was also arrested for the crime, the notation of his name in the report was irrelevant. In demanding production of the report, defense counsel simply stated, "He says it (information concerning Gerald Brown's participation in the crime) is in the report and the report will show whether it's in there or not." Defense counsel cannot properly engage in a "fishing expedition" on a collateral matter.
Before this Court, defense counsel relies upon State v. Sbisa, 232 La. 961, 95 So.2d 619 (1957) to support his argument. We find that case inapposite. In Sbisa, the witness testified that he did not recall certain facts; he was asked by defense counsel if seeing a copy of the statement would refresh his memory; the witness stated that it would, but after objection by the prosecution, the trial judge refused to order production of the statement in question. In the case at bar, conversely, Detective Roth remembered very clearly what Jolla had said and done in connection with his oral confession following arrest, and did not need to refresh his memory by consulting his report.
In brief before this Court, counsel contends that because Jolla, while on the witness stand, had denied making a statement to the police, production of the report was required to determine who was telling the truth. No such contention was made at trial. This contention cannot be urged for the first time on appeal. State v. Forbes, La., 310 So.2d 569 (1975); State v. Evans, 249 La. 861, 192 So.2d 103 (1966).
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
In Bill of Exceptions No. 3 defendant objects to the introduction into evidence of the Rights of Arrestee form which was admittedly signed by the defendant. At the time the objection was made, defense counsel stated that it should not be admitted into evidence "because the waiver indicated on there appears below the signature of this defendant[.]"
During trial, the defendant testified that the police officers read all of his Miranda rights to him and that he signed the Rights of Arrestee form. Immediately thereafter the prosecuting attorney offered, introduced, and filed into evidence the Rights of Arrestee form without objection by the defense.
Subsequently, while the State was laying the predicate for Jolla's oral confession, Detective Roth testified that, immediately following Jolla's arrest, he informed the accused verbally of his rights and that later in the Detective Bureau, Jolla signed the rights form in the presence of Roth and Detective Patin, who signed as witnesses. On cross-examination, Detective Roth stated that he filled out the form at issue and indicated with a mark that Jolla had waived his rights after they were read to him.
Near the conclusion of the trial, the prosecutor inadvertently offered the form into evidence again, and it was at this time that the objection was made.
In his Per Curiam, the trial judge informs us that he allowed the exhibit to be introduced into evidence because the court "after hearing testimony with regard to the exhibit and after viewing the exhibit, was of the opinion that the waiver of rights form was properly executed. . . ."
In addition to the fact that at the time the objection was made the form had already been admitted into evidence and the error, if any, had been waived, LSA-C.Cr.P. Art. 841, we find that the argument made here goes to the weight to be given the document by the jury rather than to its *200 admissibility. The State laid a proper foundation for its introduction.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Here, based upon Bill of Exceptions No. 4, defendant alleges that the court erred in admitting into evidence the oral confession of defendant. In brief before this Court, defendant relies solely on his arguments in Assignments of Error Nos. 1 and 2 above.
For the reasons given in disposing of Assignments of Error Nos. 1 and 2 above, Assignment of Error No. 3 is likewise without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant asserts that the trial court erred in overruling his Motion for New Trial which alleged that the defendant was tried by a petit jury chosen in contravention of the holding of Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975).
The present trial took place in November of 1974. The decision in Taylor v. Louisiana, supra, was handed down on January 21, 1975. As both the United States Supreme Court and this Court have consistently held, the decision in Taylor v. Louisiana is not applied retroactively. See Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975); State v. Monk, La., 315 So.2d 727 (1975) and cases therein cited.
Assignment of Error No. 4 is without merit.

B. MULTIPLE OFFENDER PROCEEDING

ASSIGNMENT OF ERROR NO. 1
Following defendant's conviction of armed robbery, the State filed a bill of information charging Jolla as a triple offender under LSA-R.S. 15:529.1, relying upon his 1971 plea of guilty to simple burglary and his 1972 conviction of theft. At the multiple offender hearing, defendant filed a Prayer for Oyer of a thumbprint found at the scene of the armed robbery and admitted in evidence at the trial. Bill No. 1 was taken to the denial of this request.
In his Per Curiam, the trial judge states:
"This assignment of error was taken to the court's denial of oyer for a thumbprint which was found on the scene of the original offense, to-wit, armed robbery, in case Number 245-083. [The armed robbery case discussed above.]
"Defense counsel, at the time this assignment of error was noted, had filed a Prayer for Oyer of the defendant's fingerprints which the State intended to use in order to establish to the court that he was one and the same person as set forth in the bill of information under Louisiana Revised Statute 15:529.1. Defense counsel desired oyer of a thumbprint found at the scene of the original offense and which was introduced at the trial of the original offense under case number 245-083. Although this court did allow the defense oyer of the prints which the State intended to introduce on the trial of the multiple bill, it could see no relevancy in oyer of a thumbprint found in a separate and distinct case."
The trial court's ruling is correct. The thumbprint formed a portion of the evidence in the instant armed robbery case in which the jury found the accused guilty of robbing John Petry, and hence formed no part of the triple billing procedure. Whether or not the thumbprint was Jolla's was a question for the jury at the armed robbery trial.
Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 2, 3, AND 5
Bill of Exceptions No. 2 involves the court's denial of defendant's Motion to Quash which was filed by the defendant against the bill of information charging him as a triple offender. Bill of Exceptions No. 7 objects to the overruling of the Motion in *201 Arrest of Judgment filed after the armed robbery conviction.
The contentions made by defendant in these bills are: (1) that since the triple offender charge carried with it a possible penalty of 198 years, the triple offender charge should have been brought by a grand jury indictment under Article 1, Section 15 of the Louisiana Constitution of 1974, which mandates that all prosecutions for crimes punishable by life imprisonment shall be initiated by grand jury indictment; and (2) that the maximum penalty of 198 years without benefit of parole, probation, or suspension of sentence constitutes cruel and excessive punishment under the Louisiana Constitution of 1974. The accused herein was actually sentenced to fifty years at hard labor.
In recent decisions, we have rejected both of these arguments. Multiple billing need not be by grand jury indictment in cases involving possible life sentences, and neither the punishment for the crime of armed robbery nor sentences for multiple offenders constitute cruel or excessive punishment. State v. Maduell, La., 326 So.2d 820 (1976); State v. Williams, La., 326 So.2d 815 (1976); State v. Stewart, La., 325 So.2d 828 (1976); State v. Alexander, La., 325 So.2d 777 (1976).
Assignments of Error Nos. 2, 3, and 5 are without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs, disagreeing with treatment of assignment # 2 on the merits.