**Melvin SEYMOUR et al., Appellants,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Oct. 21, 1976.

Certiorari Denied by Supreme Court Jan. 24, 1977.

Stanley Fink, Memphis, for Seymour.

James E. Thompson, Memphis, for Fleming.

Walker Gwinn, Memphis, for Conley and Booker.

R. A. Ashley, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, Leonard T. Lafferty and John W. Pierotti, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellants appeal from their conviction for committing the offense of murder in the first degree with assessment of confinement to each of them for thirty years.

The first trial and conviction of these appellants was reversed by this court in an unpublished opinion released by this court at Jackson, February 4, 1975.

With all four appellants contending that the evidence is insufficient, a brief narrative of that evidence will suffice to put these assignments of error to rest. This homicide occurred about 7:30 p. m. on October 16, 1973, in the Shelby County Jail. The decedent was an inmate confined in Cell Block B on the third floor of that jail along with the appellants. In the same cell block were seven Mexican nationals who, after being apprehended for illegally entering this country, were detained in the jail prior to being returned to Mexico by the Immigration and Naturalization officers of this country.

The seven Mexicans testified to witnessing the assault and brutal beating of the decedent inmate, a Curtis Moore, which began in the walkway in front of his cell and continued inside his cell on that evening. They all related that the four appellants repeatedly struck the decedent with fists, feet, a broom or mop handle and strangled him with a sheet. They also related that when the decedent crawled under a bench, the appellants dragged him out and continued the animalistic, senseless assault which resulted in his literally being beaten and strangled to death. With sperm found in the mouth of the decedent the assault carried with it depraved sexual overtones. The lifeless body of Moore was then placed on a bed in a cell and a blanket placed over it with detection of this homicide not occurring until the following morning. The appellants did not testify and offered no proof.

■ We think from the facts as outlined the evidence is sufficient to sustain this conviction. With the continued hitting and beating as described, plus the strangling, and evidence that the assault was predicated on vile, depraved sexual motivation, we are at a complete loss as to why this jury was so lenient. Nevertheless, we think the facts from which the jury could and did infer that the assault was committed with the premeditated design to bring about the death that ensued are sufficient. *State v. LaChance*, Tenn., 524 S.W.2d 933, 937, 938 (1975). The assignments as to the evidence are accordingly overruled.

■ Appellants, Conley and Booker, assign as error the trial court dismissing their plea in abatement without an evidentiary hearing, with reliance upon *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692 (1975), alleging that women were systematically excluded from the composition of the grand jury which returned the indictment. It suffices for us to say that the indictment in this case was returned a true bill on October 26, 1973; that *Taylor* was promulgated on January 21, 1975, and its progeny *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975) held that juries selected prior to the *Taylor* enunciation were not subject to attack on that basis. In short,

*Taylor* is not retroactive; hence, its inapplicability here. These assignments are overruled.

■ We find no merit in appellants' Seymour and Fleming assignment that the court erred in denying their motion for severance. With no evidence in the record to support a motion being made by Fleming or action by the trial court on such a motion, Fleming's assignment is accordingly overruled. We find no abuse of the trial court's discretion in overruling Seymour's motion for severance based on his urging that there were too many lawyers, too many appellants and too much evidence for his client to get a fair trial being tried with the others. In *Woodruff v. State*, 164 Tenn. 530, at page 538, 51 S.W.2d 843, at page 845 (1932), the following may be found:

". . . It may have been to the interest of each that he be tried alone, but the orders of the court are molded to protect rights, and not merely the interests, of persons accused of crime. The state, as well as the persons accused, is entitled to have its rights protected, and when several persons are charged jointly with a single crime, we think the state is entitled to have the fact of guilt determined and punishment assessed in a single trial, unless to do so would unfairly prejudice the rights of the defendants."

We find no such prejudice here. These assignments are overruled.

■ With *Farris v. State*, Tenn., 535 S.W.2d 608 (1976) holding that "every tub must stand on its own bottom", the trial court's charging T.C.A. 40–2707 was, we think, harmless error and did not affect the results in any manner. This assignment of all appellants is overruled.

■ The photograph of the decedent was probative to show the nature and extent of wounds for the jury's consideration on premeditation of the assault. There was no abuse of the trial court's discretion in allowing it into evidence. *Palmer v. State*, 1 Tenn.Cr.App. 223, 435 S.W.2d 128 (1968). This assignment of Seymour and Fleming is overruled.

■ There is no merit in Seymour and Fleming's assignment that the court erred in allowing the State to qualify the jury in informing them that part of the case would be on depositions. The voir dire not found in the record to support the assignment, it is overruled.

With our finding the evidence to be sufficient, there is no merit in Seymour and Fleming's assignments that the court erred in failing to grant their motion for a directed verdict. These are overruled.

■ They next contend that the court erred in allowing the State's attorney to argue that the Mexicans were outside the jurisdiction of the United States. With the argument not being in the bill of exceptions, this assignment is overruled.

In conclusion, the thrusting question in the appeal, ably argued by all parties, is that the testimony of the Mexicans was read to the jury from the transcript of the first trial over objection. The appellants assert that constitutional guarantees in both constitutions, Federal and State, include the guarantee of confrontation. They further urge that the State did not make a good faith effort to return the Mexican nationals for the trial. They support this contention by testifying that they were able in a few hours to telephonically contact one of the Mexicans in Mexico and also talked to another; that both were willing to return to Memphis if expenses were paid. The State introduced testimony which reflected letters being mailed to each of the Mexicans at the addresses given by the nationals to the immigration authorities offering to pay their expenses and also letters being sent to the chief of police in each state of Mexico where the Mexicans resided, requesting their assistance in locating these witnesses.

■ A reading of this record clearly shows that at the prior trial the Mexicans were all thoroughly cross examined by counsel for each appellant here; the testimony was obtained by a translator being used when it was apparent the Mexicans

could not communicate in our English language. In short, there was complete constitutional confrontation at the first trial. Our Supreme Court has held that when a witness is beyond the jurisdiction of the court so that his presence cannot be secured at the trial, his prior testimony may be used. *Stubbs v. State*, 216 Tenn. 567, 574, 575, 393 S.W.2d 150 (1965). The Supreme Court of the United States reaffirmed the above holding in *Mancusi v. Stubbs,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972).

The fact that the appellants telephonically contacted one or more of the nationals does not dissuade us from holding that the trial court did not err in allowing the prior testimony, when the proof convinced him that the witnesses were outside the continental limits of this country. We are further bolstered in this holding by the prior opinion of this court reversing the conviction at the first trial. This court recognized that this particular evidentiary problem might arise and suggested this method of using the prior recorded testimony. These assignments of all appellants are overruled.

We are not impressed with the argument that, due to Tennessee Public Acts of 1973, Chapter 192, which was in effect at the time of trial, being subsequently declared unconstitutional, the issues in the latter trial were different and that appellants were deprived of the opportunity to cross examine about premeditation by the use of the recorded testimony.

We disagree. The indictment at the first trial charging first degree murder in common law form alleged premeditation. Chapter 192 was charged in its entirety by the trial court with a full dissertation of premeditation being the essential element of murder in the first degree. Under Chapter 192, as the court charged, first degree murder was one committed with premeditation or one committed willfully and deliberately under *conditions* as outlined in the *Act. In other* words, the appellants at the first trial could utilize cross examination to show a lack of premeditation or that the killing was not a malicious, deliberate kill-

ing of another inmate. With the chapter being found unconstitutional and the case sub judice tried on the same indictment with the same allegations and with the attorneys for the appellants being the same, the only issue not present at the second trial was the necessity of proving that the victim was an inmate. We think the issues at the sub judice trial were the same, for confrontation purposes. This assignment is overruled.

The last assignment of error, based on an affidavit of the translator of the Public Defender's office reflecting that two of the nationals may have lied about their names, contends that this discrepancy was denied appellants for purposes of cross examination by the use of the prior testimony. With the affidavit not being in the bill of exceptions, it is not considered. *Sneed v. State,* 221 Tenn. 6, 423 S.W.2d 857 (1968).

This assignment overruled and all assignments found without merit, the judgment of the trial court is affirmed.

WALKER, P. J., and TATUM, J., concur.