FOGG, Judge.
In 1973, the defendant, Willie J. Daniel, was convicted of armed robbery and sentenced to sixty years at hard labor. On appeal, his conviction and sentence were affirmed by the Louisiana Supreme Court. State v. Daniel, 297 So.2d 417 (La.1974), affd, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).
In January of 1992, Daniel filed a motion to correct an illegal sentence on the basis that his sentence was illegally lenient due to the trial court’s failure to deny eligibility for parole, probation, or suspension of sentence. On February 3, 1992, the district court granted Daniel’s motion to correct an illegal sentence. The court vacated the original sentence of sixty years at hard labor and set the matter for resentencing on February 13, 1992. On that date, the court found that the original sentencing judge intended to deny parole eligibility and “amended” the original sentence to so reflect.
Daniel has appealed, alleging as his only assignment of error that the court erred in concluding that the original sentencing judge intended to impose a sentence of sixty years at hard labor without benefit of parole.[1] Specifically, Daniel argues that the court erred in reaching such a conclusion without stating specific reasons therefor. Because we note a patent error herein, we must remand this matter to the district court for further proceedings. Therefore, we do not consider Daniel’s assignment of error.
As Daniel correctly notes in his brief to this Court, the district court could not simply “amend” the original sentence to deny parole eligibility since it had vacated the original sentence ten days earlier. Accordingly, the court’s action on February 13, 1992 (“amending” the original sentence to deny parole eligibility) constitutes a patent error and is hereby vacated. This matter is remanded to the district court for resen-tencing in accord with the procedures outlined in State v. Husband, 593 So.2d 1257 (La.1992), and State v. Desdunes, 579 So.2d 452 (La.1991). Upon resentencing, the district court should give Daniel credit for time served. See La.C.Cr.P. art. 880; State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990).
VACATED AND REMANDED.

. LSA-R.S. 14:64 B mandates a denial of eligibility for parole, probation, or suspension of sentence. In his brief to this Court, Daniel notes that the original sentencing judge’s failure to state that probation and suspension of sentence were denied technically is moot because a sentence of sixty years at hard labor was imposed. This observation is correct.