## STATE

### v.

### Claire O'COIN.

### No. 80–61–C.A.

Supreme Court of Rhode Island.

July 11, 1980.

---

Dennis J. Roberts, II, Atty. Gen., Stephen Lichatin, III, Sp. Asst. Atty. Gen., for plaintiff.

McKinnon & Fortunato, Amy R. Tabor, Daniel V. McKinnon, Pawtucket, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the state from a judgment of the Superior Court granting the defendant's motion to quash the indictment in this case on the ground that the grand jury venire, from which the Providence County grand jury that indicted the defendant was selected, had excluded all members of the university and college academic community.

On August 1, 1979, this court decided the consolidated cases of *State v. Jenison* and *State v. Cory*, R.I., 405 A.2d 3 (1979). We there held that the exclusion of members of the college and university academic community from grand jury service deprives a defendant of his due-process right "to be indicted by an impartial grand jury drawn from a fair cross-section of the community." *Id.*, 405 A.2d at 10. Defendant O'Coin was indicted by a Providence County grand jury on December 9, 1977, and was arraigned before the Providence County Superior Court on December 21, 1977. On December 19, 1979, over three months after our decision in *Jenison*, defendant filed a motion to quash the indictment. On February 5, 1980, a trial justice of the Superior Court granted defendant's motion to quash the indictment.

The state raises two questions in this appeal: (1) whether this court should apply the rule of *Jenison* to cases in which indictments were returned prior to the date of the *Jenison* decision by unconstitutionally constituted grand juries, and (2) whether defendant failed to comply with the time requirements of Super.R.Crim.P. 12(b), thereby waiving her right to challenge the selection and composition of the grand jury that returned indictments against her.

I

In *State v. Jenison*, R.I., 405 A.2d 3 (1979), we recognized that because we have

adopted a system of grand-jury indictment, we must in the implementation of that system adhere to the mandate found in the due process clause of the Fourteenth Amendment—that a defendant be tried by an impartial jury. *Id.*, 405 A.2d at 6 (citing *Peters v. Kiff*, 407 U.S. 493, 501, 92 S.Ct. 2163, 2168, 33 L.Ed.2d 83, 93 (1972)). We also realized that this mandate applies equally to grand and petit juries. *Id.*, 405 A.2d at 6. Consistently with this obligation, in *Jenison* we held that "a jury selection system that entirely excludes an identifiable and cognizable class playing a major role in the community, without a rational basis therefor, impermissibly offends the fair cross-section requirement and cannot be tolerated," and accordingly struck down indictments found by a grand jury selected under a procedure that systematically excluded members of the college and university academic community. *Id.*, 405 A.2d at 8, 10. In so holding, we were merely applying to the facts before us the federal constitutional rule that the Supreme Court annunciated in *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975): that the Sixth Amendment requirement that juries be drawn from a fair cross-section of the community cannot be satisfied if the jury panel from which a petit jury is drawn has systematically excluded a cognizable class of people—in *Taylor*, for example, women. *Id.* at 531, 95 S.Ct. at 698, 42 L.Ed.2d at 698.

■ The Attorney General in the case before us asks us to determine the retroactive effect of our decision in *State v. Jenison, supra.* Because the retroactivity of federal constitutional decisions is a matter of federal law, *Daniel v. Louisiana*, 420 U.S. 31, 32, 95 S.Ct. 704, 705, 42 L.Ed.2d 790, 792 (1975) (per curiam), then the retroactivity of *Jenison*, a decision based on federal constitutional law, must be determined in compliance with federal law governing retroactivity.

We have already noted that *State v. Jenison* is an application of the constitutional rule in *Taylor v. Louisiana.* The Supreme Court determined the retroactivity of *Taylor* in *Daniel v. Louisiana*, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975), holding "that *Taylor* is not to be applied retroactively, as a matter of federal law, to convictions obtained by juries empaneled prior to the date of that decision." *Id.* at 32, 95 S.Ct. at 705, 42 L.Ed.2d at 792.

In 1979 the Supreme Court applied the principles enunciated in *Taylor v. Louisiana* to strike down as violative of Sixth and Fourteenth Amendment guarantees the provisions of a Missouri law granting women an automatic exemption from jury service at their request. *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). Six days after deciding *Duren*, the Supreme Court considered what retroactive effect *Duren* would have. In *Lee v. Missouri*, 439 U.S. 461, 99 S.Ct. 710, 58 L.Ed.2d 736 (1979), the Court ruled that because *Duren* did not "announce any 'new standards' of constitutional law not evident from the decision in *Taylor v. Louisiana*, the considerations that have led us in other cases to depart from full retroactive application of constitutional holdings [citations omitted] are inapplicable to juries sworn after the decision in *Taylor v. Louisiana.*" *Id.* at 462, 99 S.Ct. at 711, 58 L.Ed.2d at 739. Accordingly, the rule in *Duren* was held retroactive to the date of *Taylor.*

■ The case before us presents a problem analogous to that which faced the Supreme Court in *Lee v. Missouri.* In *State v. Jenison* we did not announce any " 'new standards' of constitutional law not evident from the decision in *Taylor v. Louisiana* * * *."* *Lee v. Missouri*, 439 U.S. at 462, 99 S.Ct. at 711, 58 L.Ed.2d at 739. We therefore hold that the rule in *Jenison* shall apply in the cases of all defendants who were indicted by grand juries impaneled after the date of *Taylor v. Louisiana*, January 21, 1975, and whose convictions have not become final by the date of this opinion. Thus, since defendant O'Coin was not indicted by a grand jury impaneled prior to the date of *Taylor v. Louisiana*, and there is no final conviction in her case, our decision in *State v. Jenison* is applicable to her case.

## II

Nevertheless, the state contends that defendant has waived her right to challenge the constitution of the grand jury that indicted her. The state concedes that, upon a proper showing, an indictment must be set aside if the grand jury that issued the charge was illegally constituted. *See State v. Jenison*, R.I., 405 A.2d at 10. But the state contends that this issue may only be raised and considered pursuant to Rule 12(b)(1), (2), and (3) of the Superior Court Rules of Criminal Procedure.[1]

The state relies on *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), and *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963). The motions in those two cases, however, were made after trial, whereas in the case at bar, defendant filed her motion before trial.

■■ The requirement of filing a Rule 12 motion before the trial within the time limits set forth in Super.R.Crim.P. 12(b) was instituted to ensure that the inquiry into the alleged defects could be concluded and, if necessary, the defects cured before the court, the witnesses, and the parties have gone through the burden and expense of a trial. *Cf. Davis v. United States*, 411 U.S. at 241, 93 S.Ct. at 1582, 36 L.Ed.2d at 224 (Federal Rules). In the instant case, the trial justice had the discretion to consider this motion, filed before trial but more than twenty-one days after the plea was entered, pursuant to the authority granted to the court by Rule 12(b)(3), which allows the trial court to hear motions filed within a reasonable time after entrance of a plea.

■ From the record we discern that defendant did not realize at the time she entered her plea that the grand jury that returned the indictment was unconstitu-

tionally composed. That was not proven until our decision in *State v. Jenison, supra.* In failing to make the claim within twenty-one days of entering her plea, she clearly was not deliberately bypassing it or employing dilatory tactics. Thus, on the facts of the case before us, the trial justice heard defendant's motion within a reasonable time after she entered her plea. *Cf. State v. LaPlante*, R.I., 409 A.2d 130 (1979) (defendant who waited until one week before trial to raise issue of duplicity of complaint deemed to have waived claim).

In the absence of a valid waiver, therefore, the trial justice had the discretion under Rule 12 to consider her claim. We therefore hold that the trial justice's action in considering the claim and granting the defendant's motion was not an abuse of his discretion under Rule 12.

For the reasons stated, the state's appeal is denied and dismissed, and the judgment of the Superior Court is affirmed.

---

1. Rule 12(b) of Super.R.Crim.P. provides in pertinent part:

   "(2) [D]efenses and objections based on defects in the institution of the prosecution or in the indictment, information, or complaint * * * may be raised only by motion before trial. * * * Failure to present any such defense or objection * * * constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

   "(3) The motion shall be made no later than twenty-one (21) days after the plea is entered, * * * but in any event the court may permit the motion to be made within a reasonable time after the plea is entered * * *."