**Martin MALINOU, Public Administrator**

v.

**Leonard A. KIERNAN, Jr.,
Administrator.**

**Nos. 78–357–Appeal, 79–90–Appeal.**

Supreme Court of Rhode Island.

Oct. 8, 1980.

Martin Malinou, pro se.

Boyer, Reynolds & DeMarco, Bernard W. Boyer, Providence, for defendant.

**ORDER**

This case came before the court on October 8, 1980 on an order for the plaintiff to show cause why his appeal should not be dismissed in view of the fact that the issues raised appeared to be without merit. After hearing arguments of counsel, we are of the opinion that cause has not been shown. Therefore, plaintiff's appeal is hereby dismissed.

■

**In re TRACY AND WENDY.**

**No. 78–368–Appeal.**

Supreme Court of Rhode Island.

Oct. 8, 1980.

Corcoran, Peckham & Hayes, Kathleen Managhan, Newport, for petitioners.

Barbara Hurst, Stephen Bridge, Asst. Public Defenders, for respondents.

**ORDER**

This case came before the court on the motion of the adoptive parents to affirm the judgment of the Family Court pursuant to Rule 16(g). Treating the motion as a motion to dismiss and after hearing argu-ments of counsel on October 8, 1980, the motion is granted.

■

**STATE**

v.

**Claire O'COIN.**

**No. 80–61–C.A.**

Supreme Court of Rhode Island.

Oct. 9, 1980.

Dennis J. Roberts II, Atty. Gen., Stephen Lichatin III, Sp. Asst. Atty. Gen., for plaintiff.

McKinnon & Fortunato, Amy R. Tabor, Pawtucket, for defendant.

**ORDER**

This case came before the court on the state's petition for reargument. After hearing argument of counsel on October 8, 1980, the petition is denied.

In *State v. O'Coin*, R.I., 417 A.2d 310 (1980) we said a defendant wishing to challenge the constitution of a grand or petit jury must do so by filing a motion prior to trial pursuant to Super.R.Crim.P. 12(b)(2), (3) the provisions of which require that such a motion be made within twenty-one days after a plea is entered. In the event that such a motion is made prior to trial, but more than twenty-one days after a plea is entered, it is within the sound discretion of the trial justice to consider the motion if it is filed within a reasonable time after entrance of a plea.