**STATE**

v.

**Ernest MORIN et al.**

**No. 80-104-C.A.**

Supreme Court of Rhode Island.

Dec. 3, 1980.

Dennis J. Roberts, II, Atty. Gen., Stephen Lichatin, III, Sp. Asst. Atty. Gen., Chief, Appellate Division, for plaintiff.

Charles J. Rogers, Jr., Providence, for defendants.

OPINION

WEISBERGER, Justice.

This case is before us on appeal of defendants Ernest Morin, Ruth Morin, Robert McCallum, and Priscilla McCallum from judgments of conviction for statutory burning, conspiracy to commit statutory burning, conspiracy to defraud an insurance company, burning with intent to defraud an insurer, and attempting to obtain money under false pretenses. The conviction arose out of an agreement among the defendants pursuant to which the dwelling house of defendants Morin was burned in order to collect upon a substantial insurance policy which covered said dwelling. The sole point raised on appeal is a challenge to the composition of the grand jury which indicted defendants based upon our holding in *State v. Jenison*, R.I., 405 A.2d 3 (1979). The defendants also rely upon the limited retrospective application of this rule given in

*State v. O'Coin*, R.I., 417 A.2d 310 (1980). The defendants' reliance upon *O'Coin* is misplaced.

On October 9, 1980, we clarified our holding in *O'Coin* in an order which was entered in response to the state's petition for reargument. The order in pertinent part read as follows:

"In *State v. O'Coin*, R.I., 417 A.2d 310 (1980) we said a defendant wishing to challenge the constitution of a grand or petit jury must do so by filing a motion prior to trial pursuant to Super.R.Crim.P. 12(b)(2), (3) the provisions of which require that such a motion be made within twenty–one days after a plea is entered. In the event that such a motion is made prior to trial, but more than twenty–one days after a plea is entered, it is within the sound discretion of the trial justice to consider the motion if it is filed within a reasonable time after entrance of a plea." *State v. O'Coin*, No. 81–61–C.A. (R.I., filed October 9, 1980) (petition for reargument).

In the case at bar, defendants did not challenge the constitution of the grand jury prior to trial and thus would come within the principles enunciated in *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), and *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357, *reh. denied*, 372 U.S. 950, 83 S.Ct. 931, 9 L.Ed.2d 975 (1963). All of these cases require a showing of actual prejudice as well as good cause to be relieved of the time requirements of a rule of criminal procedure substantially identical to Superior Court Rule of Criminal Procedure 12(b)(2), (3), in the event that such challenge is not raised before judgment of conviction. In the posture in which this case is presented to us, no actual prejudice has been demonstrated. Thus, the failure to raise this issue prior to trial constituted a waiver which precludes our considering the challenge on appeal.

For the reasons stated, the appeal is denied and dismissed, the judgment of conviction of the Superior Court is hereby affirmed, and the case may be remanded to the Superior Court.