STATE

v.

Carol A. ROHELIA et al.

No. 80-71-C.A.

Supreme Court of Rhode Island.

April 22, 1981.

Dennis J. Roberts, II, Atty. Gen., Kathryn A. Panciera, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Charles J. Rogers, Jr., Providence, for defendants.

OPINION

KELLEHER, Justice.

On July 23, 1975, the grand jury for Providence and Bristol Counties returned a three-count indictment charging the defendants, Carol A. Rohelia (Rohelia), Rudolph Sciarra (Sciarra), and Romeo Gabriele (Gabriele), with a variety of offenses, all of which related to a successful escape from the Adult Correctional Institutions (ACI) by several inmates in late September 1972. The first count charged all three defendants with conspiracy, the second count charged Sciarra and Gabriele with aiding and abetting the escapees, while the third count charged Rohelia with harboring the escapees. The indictment came to trial before a Superior Court jury in June 1979. The jury acquitted Rohelia of the conspiracy charge but reported it was hopelessly deadlocked in regard to the other two counts.[1]

On February 15, 1980, the trial justice, at the instance of the Attorney General, acting pursuant to the terms of G.L.1956 (1969 Reenactment) § 9-24-27, certified to us the following question:

"Whether the decision of the Supreme Court of Rhode Island in *State v. Jenison and Cory*, R.I., 405 A.2d 3 (1979), holding that the total and arbitrary exclusion of the university and college academic com-

---

1. Subsequent to the mistrial, Romeo Gabriele died. His death is noted on the record.

munity from the grand jury selection process is an impermissible violation of the due process right of the criminal defendant to be indicted by an impartial grand jury drawn from a fair cross section of the community, is to be retroactively applied to indictments returned prior to the date of that decision and whether the defendants in the above listed case forever waived any defects in the indictment for purposes of retrial by proceeding to trial on June 5, 1979, which trial ended in a hung jury on June 13, 1979, without having raised the issue."

In *State v. Jenison*, R.I., 405 A.2d 3 (1979), we held that the entire exclusion by the jury commissioner of presidents, professors, students, and tutors of recognized universities and colleges from grand-jury service deprived a defendant of his due-process right to be indicted by an impartial grand jury drawn from a fair cross section of the community. The *Jenison* holding was based upon *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), where the Supreme Court held that a systematic exclusion of a cognizable class of people from a petit jury was constitutionally impermissible.

Subsequent to the certification by the trial justice, we ruled in *State v. O'Coin*, R.I., 417 A.2d 310 (1980), that the rule of *Jenison* would apply to all cases of defendants who were indicted by grand juries impaneled after the date of *Taylor v. Louisiana*, to wit, January 21, 1975, and whose convictions had not become final by July 11, 1980, the publication date of *O'Coin*. However, in *O'Coin* we also recognized that a defendant cannot have the best of both worlds when we ruled that he or she may not both receive the benefit of a retroactive application of the *Jenison* rule and also be excused for failure to raise the issue prior to trial.

A defendant may receive the benefit of the retroactive application of *Jenison* because the state was put on notice by *Taylor v. Louisiana* that its impaneling process was improper. Logic and fairness dictate that if the state was put on notice of this impropriety, then the defendants were also put on notice. Consequently, in *O'Coin* we said that a defendant, in order to take advantage of the retroactive issue, had to raise the question prior to trial by way of Rule 12(b) of the Superior Court Rules of Criminal Procedure. Rule 12(b) provides in its pertinent part:

"(2) [D]efenses and objections based on defects in the institution of the prosecution or in the indictment, information, or complaint * * * may be raised only by motion before trial. * * * Failure to present any such defense or objection * * constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver.

"(3) The motion shall be made no later than twenty-one (21) days after the plea is entered, * * * but in any event the court may permit the motion to be made within a reasonable time after the plea is entered * * *."

According to *O'Coin*, if a defendant who comes within the time frame of *Jenison* has challenged the composition of the grand jury prior to trial and within twenty-one days of his or her plea, then he or she is entitled as a matter of right to a dismissal of the indictment. If the motion is made prior to trial but more than twenty-one days after the plea, the grant of the motion is a matter that rests within the discretion of the trial justice. In *O'Coin*, we stated that the reason for the requirement of a pretrial challenge to the jury's composition was the necessity for the defect to be cured before the court, the witnesses, and the litigants had gone through the burden and expense of a trial.

Here, in the case at bar, the indictment comes well within the time frames of *Jenison*; and Sciarra and Rohelia, by motions filed in 1980, more than twenty-one days after the not-guilty pleas, have challenged the composition of the grand jury. Thus, the rationale of *O'Coin* will not be disserved here because, due to the jury's impasse, this controversy remains, for all practical pur-

poses, at the pretrial stage.[2] Although Rohelia and Sciarra have not waived the *Jenison* issue, their entitlement to a dismissal of the indictment is a question to be resolved by the exercise of the trial justice's sound judicial discretion.

The papers in the case with our decision certified thereon are to be returned to the Superior Court for further proceedings.

SHEA, J., did not participate.

---

2. *State v. Jenison,* R.I., 405 A.2d 3 (1979), does not apply to those cases in which a retrial is granted on appeal for reasons other than the composition of the grand jury. When a conviction has been obtained against a defendant who has not raised the *Jenison* issue prior to trial, the issue may not be raised thereafter. The conviction renders the jury challenge moot. *Id.* 405 A.2d at 8 n.5.