STATE

v.

Luigi MANOCCHIO.

No. 80–132–C.A.

Supreme Court of Rhode Island.

July 23, 1982.

Dennis J. Roberts, II, Atty. Gen., Michael J. McEntee, Sp. Asst. Atty. Gen., for plaintiff.

Thomas A. DiLuglio, Providence, Leppo & Traini, Anthony M. Traini, Martin K. Leppo, Boston, Mass., for defendant.

OPINION

WEISBERGER, Justice.

This matter is before us pursuant to General Laws 1956 (1969 Reenactment) § 9–24–27 which permits a trial judge to certify certain questions of law to this court. A justice of the Superior Court has certified the following questions for our determination.

"1. Does a defendant indicted in 1969 have a right, whether it be contained in the fair and impartial jury trial clause or the confrontation clause of the Sixth Amendment to the United States Constitution, or in the due process clauses of the Fifth and/or Fourteenth Amendments to the United States Constitution, or in the equal protection clause of the Fourteenth Amendment to the United States Constitution, or in the provisions of Article I, section 10 of the Constitution of the State of Rhode Island, to challenge the composition of the grand jury that returned the indictment?

"2. If the defendant has such a right as described in Question 1 above, to challenge the composition of the grand jury that returned the indictment, does he waive that right by voluntarily absenting himself from the jurisdiction prior to arraignment and trial?

"3. Is a defendant entitled to the benefit of the retroactive application of this Court's decision in the cases of *State v. Jenison* and *State v. Cory*, notwithstanding this Court's decision in *State v. O'Coin*, if the defendant otherwise meets Federal or State criteria for retroactive application of a decision conferring substantive due process rights upon defendants?"

We answer the first in the negative. We do not reach the second question because of our response to question No. 1. We are unable to answer the third question without construing its meaning. As construed, we answer it in the negative.

The facts of the case giving rise to the certification are as follows. On August 14, 1969, a grand jury indicted defendant on three charges connected with the 1969 murder of Anthony Melei. In order to avoid arraignment and prosecution, defendant absented himself from the jurisdiction for some ten years. As a result, defendant was not arraigned until July 6, 1979, at which time he pleaded not guilty. On October 15, 1979,[1] he filed motions to dismiss the indictment. He alleged that the grand jury that had indicted him had been unconstitutionally constituted. Apparently the motions to dismiss rest on the allegation that the grand jury had been drawn from a jury pool from which members of the college and university community had been impermissibly excluded.[2] It was at this point in the criminal proceedings against defendant that the Superior Court justice certified the three questions now before us.

■ Between the date defendant was arraigned and the date the motions were docketed, we filed our opinion in *State v. Jenison*, R.I., 405 A.2d 3 (1979). In *Jenison* we discussed the right to a grand jury drawn from a "fair cross-section of the community." *Id.* at 6–8. We acknowledged that the "fair cross-section" requirement for petit and grand juries was mandated by the due-process and equal-protection clauses of the Federal Constitution, the Sixth Amendment right to an impartial jury, and common law. *Id.* at 6–7; *see, e.g., Castaneda v. Partida,* 430 U.S. 482, 492–93, 97 S.Ct. 1272, 1279, 51 L.Ed.2d 498, 509 (1977); *Taylor v. Louisiana,* 419 U.S. 522, 526–33, 95 S.Ct. 692, 696–99, 42 L.Ed.2d 690, 696–700 (1975);

*Peters v. Kiff,* 407 U.S. 493, 502, 92 S.Ct. 2163, 2168, 33 L.Ed.2d 83, 94 (1972); *Carter v. Jury Commission,* 396 U.S. 320, 330, 90 S.Ct. 518, 523–24, 24 L.Ed.2d 549, 557–58 (1970). We concluded that

"a state electing to use the grand-jury system must abide by the requirements of due process in assuring that the selection process draws jurors from a fair cross-section of the community." *State v. Jenison,* R.I., 405 A.2d at 7.

Relying on the rule announced in *Taylor v. Louisiana,* 419 U.S. at 530, 95 S.Ct. at 697–98, 42 L.Ed.2d at 698, we stated that excluding a

"cognizable class playing a major role in the community, without a rational reason therefor, impermissibly offends the fair cross-section requirement * * *." *State v. Jenison,* R.I., 405 A.2d at 8.

Applying these principles, we determined that the system of automatically excluding from the grand jury venire members of the college and university academic community who were entitled to exemption was unconstitutional as well as a violation of the pertinent statute. *Id.,* 405 A.2d at 10. We further held that indictments handed down "by a grand jury composed in violation of constitutional requirements, cannot stand." *Id.*

Less than one year after our decision in *Jenison,* we addressed its retroactive implications. In *State v. O'Coin,* R.I., 417 A.2d 310 (1980), we stated that because *Jenison* was based on federal constitutional law, and more specifically the principles enunciated in *Taylor, supra,* its retroactive effects must be determined in compliance with federal law governing retroactivity. *Id.,* 417 A.2d at 312.

In 1975, the United States Supreme Court held that *Taylor* may not be applied retroactively to convictions rendered by juries impaneled prior to 1975, the date of *Taylor. Daniel v. Louisiana,* 420 U.S. 31,

---

1. Upon consideration of stipulations entered into by the state and defendant, the presiding justice had enlarged the time in which these and other motions could be filed.

2. At the time of the indictment, members of the college and university academic community were entitled to claim an exemption from jury duty. General Laws § 9–9–3, as amended by P.L.1968, ch. 102, § 1.

32, 95 S.Ct. 704, 704, 42 L.Ed.2d 790, 792 (1975). In 1979 the Court ruled that where there are " 'no new standards' of constitutional law not evident from the decision in *Taylor v. Louisiana* * * * ", a decision could be retroactively applied to juries sworn after the date of the *Taylor* decision. *Lee v. Missouri*, 439 U.S. 461, 462, 99 S.Ct. 710, 711, 58 L.Ed.2d 736, 739 (1979) (per curiam). Because we determined in *O'Coin* that *Jenison* "did not announce any 'new standards' of constitutional law not evident from the decision in *Taylor* * * *," we held that

> "the rule in *Jenison* shall apply in the cases of all defendants who were indicted by grand juries impaneled after * * * January 21, 1975, and whose convictions have not become final by the date of this opinion [July 11, 1980]." *State v. O'Coin*, R.I., 417 A.2d at 312.

The *Jenison* rule is not limited to grand juries drawn from a pool that systematically excluded members of the college and university academic community. The rule, as we have discussed, is that a "jury selection system that entirely excludes an identifiable and cognizable class * * * impermissibly offends the fair cross-section requirement." *State v. Jenison*, R.I., 405 A.2d at 8.

 We now turn to the questions before us. We read the first certified question as addressing the defendant's right to the retroactive application of the requirement that grand juries be drawn from a fair cross section of the community. Our decision in *O'Coin* therefore controls our answer to this question. As noted, *O'Coin* set forth a two-pronged test for the retroactive application of *Jenison*. To avail oneself of a *Jenison* challenge, a defendant

must satisfy both prongs of the test. The grand jury in question must have been impaneled after 1975 *and* the conviction must not have been finalized prior to 1980. It is not sufficient that defendant has not yet been convicted. Our answer, therefore, is that a defendant indicted in 1969, obviously prior to *Taylor*, cannot challenge the composition of the indicting grand jury upon the grounds alleged in this case.

We need not reach question No. 2 because of our negative answer to question No. 1.

 Question No. 3, in effect, asks whether a defendant can circumvent the retroactive rule of *O'Coin* by relying solely on federal or state criteria for retroactive application of a decision conferring *substantive* due-process rights. The right to be tried by a jury drawn from a fair and impartial cross section of the community admittedly is a due-process right. *See Peters v. Kiff*, 407 U.S. 493, 502, 92 S.Ct. 2163, 2168, 33 L.Ed.2d 83, 94 (1972). It is a fundamental aspect of the right to a jury trial guaranteed by the Sixth Amendment. *See Taylor v. Louisiana*, 419 U.S. at 530, 95 S.Ct. at 697–98, 42 L.Ed.2d at 698. As such, it seems clearly to be a procedural due-process right.[3] *See generally* Nowak, Rotunda, & Young, *Handbook on Constitutional Law* 380–83 (1978). We are unable to determine the relevance of the term "substantive" in the third question as written; consequently question No. 3 essentially replicates the issues posed by question No. 1. We find there is no point in reanalyzing the retroactive effect of *Jenison* independent of *O'Coin*. In *O'Coin* we determined that the retroactivity of the *Jenison* principles was controlled by *Daniel v. Louisiana, supra*.

---

3. Generally substantive due process precludes or limits the ability of a legislature or the Congress to enact legislation at all in areas involving certain fundamental rights. *See generally Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Skinner v. Oklahoma*, 316 U.S. 535, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942); *United States v. Carolene Products Co.*, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938); Corwin, *Liberty Against Government passim* (1948). On the other hand procedural due-process requires certain minimal standards of notice, hearing, and opportunity to respond adequately before a governmental agency may effectively deprive an individual of life, liberty, or property. *See generally Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Moore v. Dempsey*, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543 (1923).

We purposely rejected state retroactivity criteria. The *O'Coin* rule was the product of the application of the federal retroactivity ruling in *Daniel v. Louisiana, supra,* to the due-process right articulated in *Jenison* and based on *Taylor v. Louisiana, supra.* A reapplication of the principle of *Daniel v. Louisiana, supra,* would necessarily yield the same result as that of the *O'Coin* opinion. Construing the third question to address the retroactive aspect of the *procedural* due-process right enunciated in *Jenison,* we answer that question also in the negative.

To summarize, we answer questions Nos. 1 and 3 in the negative and do not reach question No. 2. The papers in the case are remanded to the Superior Court for further proceedings consistent with this opinion.