**STATE of Rhode Island**

v.

**Thomas VESPIA.**

No. 97–637–A.

Supreme Court of Rhode Island.

Jan. 19, 1999.

Aaron L. Weisman, Providence.

Paula Rosin, Providence.

## ORDER

The defendant, Thomas Vespia (Vespia), appeals from a judgment of conviction entered in the Superior Court for operating a motor vehicle with a suspended license. Following a prebriefing conference with counsel for both parties, this case was assigned to the full Court for a session in conference pursuant to Rule 12A(b)(3) of the Supreme Court Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the appeal at this time without further briefing or argument.

On August 14, 1996, a police officer stopped Vespia for driving too fast in a construction work area. When the police officer inquired as to Vespia's excessive speed, Vespia replied that he had a suspended license. The officer conducted a motor vehicle check on Vespia's license and, anticipating that Vespia's license indeed would be suspended, began to write a summons for driving with a suspended license. The officer soon learned, however, that Vespia's license was not suspended, but that Vespia actually had no license. Upon learning this new development, the officer began writing a new summons charging Vespia with driving without first obtaining a license, operating without insurance, and driving too fast for conditions. The officer presented Vespia with this summons and Vespia was permitted to leave the scene.

After returning to the police station the officer was unable to locate the teletype printout of Vespia's license; consequently the officer conducted another motor vehicle check and discovered that Vespia's license was in fact suspended. In an effort to correct the summons the officer used "white-out" to erase the previously written information and he rewrote the ticket, citing Vespia for driving with a suspended license.

Following a jury trial in the Superior Court a jury returned a guilty verdict against Vespia. His motion for a new trial was denied by the trial justice and Vespia was sentenced to a thirty day suspended sentence at the Adult Correctional Institutions and placed on probation for one year.

On appeal, Vespia contends that the trial court did not have proper jurisdiction over this case because the officer had used "white-out" to erase and write over the information previously provided on the summons. Thus, Vespia argues, the summons is invalid. We note, however, that Vespia did not raise this defense prior to trial. *See* Super.R.Crim.P. 12(b). As we have stated "[t]he requirement of filing a Rule 12 motion before the trial within the time limits set forth in Super.R.Crim.P. 12(b) was instituted to ensure that the inquiry into the alleged defects could be concluded and, if necessary, the defects cured before the court, the witnesses, and the parties have gone through the burden and expense of a trial." *State v. O'Coin*, 417 A.2d 310, 313 (R.I.1980) (citing *Davis v. United States*, 411 U.S. 233, 241, 93 S.Ct.

1577, 1582, 36 L.Ed.2d 216, 224 (1973)). In this case, Vespia failed to file a Rule 12 motion prior to trial. Therefore, we conclude that this issue has been waived.

Vespia also appeals the denial of his motion for a new trial and argues that the police officer's testimony was not credible. When reviewing a trial justice's ruling on a motion for a new trial we have stated on numerous occasions that we will defer to the trial justice's findings on both credibility and fact, and we shall not disturb those findings unless the trial justice overlooked or misconceived relevant and material evidence. *See, e.g., State v. McKone,* 673 A.2d 1068, 1073 (R.I. 1996) (citing *State v. Dame,* 560 A.2d 330, 332–33 (R.I.1989)).

Based upon the record before us, we are of the opinion that the trial justice neither overlooked nor misconceived the relevant trial evidence. Indeed, the trial justice reviewed the evidence that was presented to the jury and concluded that the defense proffered by Vespia was that he was not the driver of the automobile, but that it was in fact his girlfriend. The trial justice declared that he did not believe the testimony of Vespia or his girlfriend, and concluded that he agreed with the jury's decision, which accurately responded to the evidence in the case.

Moreover, we note that during the sentencing phase of this case, the state recommended that Vespia be sentenced to serve five months at the Adult Correctional Institutions. Defense counsel disagreed and argued that Vespia was entitled to hold the state to its burden of proof and that he should not be penalized for exercising his right to a jury trial. The trial justice agreed, but added that Vespia's "not entitled to commit perjury, especially not in front of me." We have reviewed the transcript in this case and the finding by the trial justice that Vespia committed perjury before the jury. We direct that this case be referred to the Attorney General for an investigation as the Attorney General deems appropriate.

For the foregoing reasons, the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.